STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

JARROD RAYMOND, P.P.A. MOLLY RAYMOND, BRANDON RAYMOND, P.P.A. MOLLY RAYMOND, MOLLY RAYMOND, DENNIS DRAKE

CA 08 137S

VS. : C.A. NO.: PC01-1373

PEGGY GLORIA, Individually and in her capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES; JAY D. LINDGREN, JR., in his capacity as the Director of the Rhode Island Department of Children, Youth and Families, et als.

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants, Peggy Gloria, Individually and in her capacity as Social Worker; Stephanie Terry, Individually and in her capacity as Supervisor; State of Rhode Island/Department of Children, Youth and Families; and Jay D. Lindgren, Jr., in his capacity as the Former Director of the Rhode Island Department of Children, Youth and Families (hereinafter "Defendants"), hereby answer the Plaintiffs' Complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Second Amended Complaint and on that basis deny them.

2. Admitted that Jarrod Raymond's date of birth is August 10, 1992. The remainder of the allegations are unclear and Defendant's cannot admit or deny.

3. Admitted that Brandon Raymond's date of birth is August 10, 1992. The remainder of the allegations are unclear and Defendant's cannot admit or deny.

4. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Plaintiffs' Second Amended Complaint and on that basis deny them.

5. Admitted that Defendant, Peggy Gloria, was a social worker for the Rhode Island Department of Children, Youth and Families from September 1994 through August 2002. The remainder of the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required. If a response is required, said allegations are denied.

6. Admitted that Defendant, Stephanie Terry, DCYF Supervisor, was an employee of the Rhode Island Department of Children, Youth and Families from June 1988 to the present. The remainder of the allegations contained in this Paragraph of Plaintiff's Second Amended Complaint contain legal conclusions to which no response is required. If a response is required, said allegations are denied.

7. Admitted that Defendant, Jay D. Lindgren, Jr., was the Former Director of the Department of Children, Youth, and Families, which is a Department of the State of Rhode Island.

8. Admitted.

9. Admitted.

10. Admitted that on or about November 1996, the DCYF possessed the temporary care, custody, and control of the minor Plaintiffs, Jarrod and Brandon

Raymond. The remainder of the allegations contain in this Paragraph of Plaintiffs' Second Amended Complaint are denied.

11. Admitted.

12. Admitted that the Defendant DCYF placed Jarrod and Brandon Raymond in the foster care home of Faith Sykes on or about November 20th ,1996 though May 27th, 1998.

13. Admitted.

14. This Paragraph of Plaintiffs' Second Amended Complaint contains legal conclusions to which no response is required. If a response is required, said allegations are denied.

15. This Paragraph of Plaintiffs' Second Amended Complaint contains legal conclusions to which no response is required. If a response is required, said allegations are denied.

16. Admitted that the DCYF made arrangements for Jarrod and Brandon Raymond to be transported from the Sykes foster home and taken to supervised visitation with Plaintiffs, Molly Raymond and Dennis Drake. Defendant is without knowledge or information sufficient to form a belief as to the truth to the allegations contained in the reminder of this Paragraph of Plaintiffs' Second Amended Complaint and on that basis deny them.

17. Denied.

18. Admitted that the DCYF "contact result sheet" notes that a Samuel Stephens, also known as "Thinman" was noted to be at the Sykes foster home when Jarrod and Brandon Raymond were droped off and/or picked up for their supervised

visitation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the reminder of the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint and on that basis deny them.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint and on that basis deny them.

20. Admitted that DCYF had "Foster Care Regulations" regarding foster care homes. The remainder of the allegations contained in this paragraph of Plaintiffs' Second Amended Complaint are denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint and on that basis deny them.

25. It is unclear what this Paragraph of Plaintiffs' Complaint alleges. Defendants are unable to admit or deny the allegations contain in this Paragraph of Plaintiffs' Second Amended Complaint.

26. Admitted that CANTS investigation notes that on May 27, 1998 the DCFY "hotline" was notified that Plaintiffs Jarrod and Brandon Raymond had bruises on their forearms. Denied as to the remainder of the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

27. Admitted that on or about May 27, 1998 a CANTS investigation was assigned to a Child Protective Investigator relating to the report referred to in Paragraph 26.

28. Admitted that the DCYF "Investigator Workers Observation/ Recommendation" dated August 6, 1998 states that Brandon Raymond spoke with someone at DCYF regarding the bruises on his forearm and that Jarrod spoke with someone at DCYF regarding a bruise on his left inner wrist. Admitted that Virginia Miller was a CPI assigned to the CANTS Investigation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint and on that basis deny them.

29. Admitted that the report referenced in Paragraph 28 notes that "Thinman" had hit Jarrod and Brandon Raymond and had taken them to the basement. Admitted that the report states that Jarrod Raymond stated Thinman hit him. Defendant is without knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint and on that basis deny them.

30. Admitted that the DCYF records indicate that the "CPI" interviewed the foster mother in her second floor kitchen and later in the basement. Admitted that the notes reflect that the foster mother stated that the basement was locked and the children were not allowed in the basement. Denied as to the remainder of the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

31. Admitted that a DCYF report notes that "CPI found a wide black belt on the back of the sofa" in the basement and admitted also that the notes reflect that Faith Sykes was in the basement at the time.

32. Admitted.

33. Admitted that the report notes that Samuel Stevens aka, "Thinman", told a DCYF employee that he "takes the boys into the basement to discipline them. "He said he took them down there last night to separate them because they were misbehaving". The report/notes that Mr. Stevens denied hitting either Brandon or Jarrod with the belt.

34. Admitted that the medical records dated May 27, 1998 for Jarrod and Brandon Raymond notes that they have bruise marks. The remainder of the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint are denied because the records are not legible.

35. Admitted that Faith Sykes was initially indicated by DCYF for institutional neglect and that the finding was subsequently unfounded.

36. Admitted that Samuel Stevens was initially indicated by the DCYF for abuse and that the finding was subsequently unfounded.

37. Admitted that on May 27, 1998 Plaintiff Jarrod and Brandon Raymond were removed from the Sykes foster home and not returned to the home.

38-39. The allegations contained in these Paragraphs of Plaintiffs' Second Amended Complaint are denied.

40 –42. The allegations contained in these Paragraphs of Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required. If a response is required, these allegations are denied.

43-46. The allegations contained in these Paragraphs of Plaintiffs' Second Amended Complaint are denied.

**COUNT I**

47. Defendants incorporate their answers to Paragraph 1 through 46 of Plaintiffs' Second Amended Complaint as if fully set forth herein.

48. Denied.

49. The allegations in this Paragraph of Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required. If a response is required, said allegations are denied.

50-53. Denied.

**WHEREFORE**, Defendants' request this Honorable Court dismiss Plaintiffs' Second Amended Complaint with prejudice, no interest, costs or attorneys fees.

**COUNT II**

54. Defendants incorporate their answers to Paragraph 1 through 53 of Plaintiffs' Second Amended Complaint as if fully set forth herein.

55. Denied.

56. The allegations contain in this paragraph of Plaintiffs' Complaint contain legal conclusions to which no response is required. If a response is required, said allegations are denied.

57-60. The allegations contain in Paragraphs 57 though 60 of Plaintiffs' Second Amended Complaint are denied.

**WHEREFORE**, Defendants request this Honorable Court dismiss the Plaintiffs' Complaint with prejudice, no interests, costs or attorneys fees.

**COUNT III**

61. Defendants incorporate their answers to Paragraphs 1 through 60 of Plaintiffs' Second Amended Complaint as if fully set forth herein

62. Denied.

63. The allegations contain in this paragraph of Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required. If a response is required, said allegations are denied.

64-67. The allegations contain in these Paragraph of Plaintiffs' Second Amended Complaint are denied

**WHEREFORE,** Defendants request this Honorable Court dismiss the Plaintiffs' Complaint with prejudice, no interests, costs or attorneys fees.

**COUNT IV**

68. Defendants incorporate their answers to Paragraphs 1-67 as if fully set forth herein.

69-70. The allegations contained in these Paragraphs of Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required. If a response is required, these allegations are denied.

71-76. The allegations contain in these Paragraph of Plaintiffs' Second Amended Complaint are denied

**WHEREFORE,** Defendants request this Honorable Court dismiss the Plaintiffs' Complaint with prejudice, no interest, costs or attorneys fees.

**COUNT V**

77. Defendants incorporate their answers to Paragraphs 1-76 as if fully set forth herein.

78-79. The allegations contain in these Paragraphs of Plaintiffs' Complaint contain legal conclusions to which no response is required. If a response is required, these allegations are denied.

80-85. Denied.

**WHEREFORE**, Defendants request this Honorable Court dismiss the Plaintiffs' Complaint with prejudice, no interest, costs or attorneys fees.

**COUNT VI**

86. Defendants incorporate their answers to Paragraphs as if fully set forth herein.

87-88. The allegations contain in these Paragraphs of Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required. If a response is required, these allegations are denied.

89-95. The allegations contain in these Paragraphs of Plaintiffs' Second Amended Complaint are denied

**WHEREFORE,** Defendants request this Honorable Court dismiss the Plaintiffs' Complaint with prejudice, no interest, costs or attorneys fees.

**COUNT VII**

96. Defendants incorporate their answers to Paragraphs 1-95 as if fully set forth herein.

97. The allegations contained in these Paragraphs of Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required. If a response is required, these allegations are denied.

98-101.The allegations contain in these Paragraphs of Plaintiffs' Second Amended Complaint are denied

**WHEREFORE**, Defendants request this Honorable Court dismiss the Plaintiffs' Complaint with prejudice, no interest, costs or attorneys fee.

Defendants demand a trial by jury on all accounts and appointment Genevieve M. Allaire Johnson, Special Assistant Attorney General, as Trial Counsel.

Respectfully submitted,

DEFENDANTS
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Genevieve M. Allaire Johnson, No. 5778
Special Assistant Attorney General
Suzette I. Pintard, No. 7185
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 EXT. 2298
Fax No. (401) 222-2995

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted. The amended Complaint fails to articulate a legally sufficient factual basis for claims under 42 USC 1983 and/or the RI Constitution.

**SECOND AFFIRMATIVE DEFENSE**

Defendants have the status as sovereign and all benefits which inure to said status, including the doctrine of sovereign immunity.

**THIRD AFFIRMATIVE DEFENSE**

The doctrine of discretionary and judicial immunity bars all claims against these Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' may not maintain the claims asserted because any challenged conduct by Defendants were justified under the facts and circumstances.

**FIFTH AFFIRMATIVE DEFENSE**

If, in fact, any duties were owed to Plaintiffs, the Defendants were in the exercise of due care and acted in good faith in fulfilling any such duties.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants acted in good faith and, therefore, have qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs may not maintain the claims asserted in the Amended Complaint, in that any parties or non-parties engaging in the challenged conduct enjoyed immunity with respect to that conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants plead the public duty doctrine.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any there are, are the result of the acts of a third-party.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs may not maintain the claims asserted in the Complaint because any injury or damage suffered by the Plaintiffs were proximately caused by the intentional or negligent conduct of a person or persons other then Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants were acting within the scope of their respective offices or employment, in an authorized manner, and in their official capacities, and not in their person / individual capacities.

**TWELETH AFFIRMATIVE DEFENSE**

Defendants at all times acted reasonably and in good faith and did not violate any clearly established constitutional rights of the Plaintiffs. Therefore, said Defendants are entitled to qualified immunity from suit.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the statute of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This action is barred by the 11th Amendment to the U.S. Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs Molly Raymond and Dennis Drake assumed the risk of injury by knowingly and willfully engaging in inappropriate conduct.

## SIXTEEN AFFIRMATIVE DEFENSE

Defendants are entitled to an offset for any and all sums expended in cash or kind for each and all plaintiffs by, through, for or on behalf of the State DCYF.

**WHEREFORE,** Defendants demand that Plaintiffs' Second Amended Complaint be dismissed, that judgment enter in their favor and against the Plaintiffs, and that Defendants be awarded their costs and other such relief as this Honorable Court deems fair and proper.

Respectfully submitted,

DEFENDANTS
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Genevieve M. Allaire Johnson, No. 5778
Special Assistant Attorney General
Suzette I. Pintard, No. 7185
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 EXT. 2298
Fax No. (401) 222-2995

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 8 day of April, 2008, a copy of the within Answer was mailed, via regular first-class mail, postage prepaid, to the following:

Mary Ann Violette, Esquire
Audette, Bazar, Cordeiro, & Grasso
35 Highland Avenue
East Providence, RI 02914

Thomas L. Mirza, Esquire
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906