**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JARROD RAYMOND, P.P.A. MOLLY RAYMOND, BRANDON RAYMOND, P.P.A. MOLLY RAYMOND, MOLLY RAYMOND, DENNIS DRAKE | : | |
| VS. | : | C.A. NO.: PC02-403 S |
| PEGGY GLORIA, Individually and in her capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES; JAY D. LINDGREN, JR., in his capacity as the Director of the Rhode Island Department of Children, Youth and Families, et als. | : | |

## RULE 16 STATEMENT OF FACTS

### I. INTRODUCTION

This case has a long procedural history in State Court. On March 23, 2001, Plaintiffs served the initial complaint on Defendant State of Rhode Island. The initial complaint alleged in count one negligence against DCYF, Counts Two and Three against DCYF employees in their individual capacities, Count Four alleged loss of consortium on behalf of Molly Raymond and Dennis Drake. Counts Five and Six alleged negligence against Jon Doe and Roe.

Following several years of trial continuances at Plaintiff's request over the State's objection, the parties agreed to a date certain trial on April 29, 2008 and on February 22, 2008 a Court Order entered setting the trial date for April 29, 2008. On March, 2008, Plaintiff's Second Motion to Amend the Complaint was granted over the State's

objection. Plaintiffs' Second amended Complaint contains alleges violations of 42 USC 1983. As a result, the State removed the case to the United States District Court for the District of Rhode Island.[1]

## II. STATEMENT OF FACTS

The Plaintiffs, minor twin children, Jarrod and Brandon Raymond, hereinafter ("the twins") born on August 10, 1992, and their biological parents, Molly Raymond and Dennis Drake, allege Defendants negligently placed the twins in the foster home of Faith Sykes for 18 months from November 20, 1996 until May 27, 1998. Plaintiffs' further allege that Defendants willfully failed to remove the twins from the foster home where they were allegedly physically and sexually abused. The alleged perpetrator was a third party who was not licensed to be in the home but who was known by DCYF as a family friend of Ms. Sykes. Specifically, Plaintiffs allege that their sons continue to suffer from Post Traumatic Stress Disorder (hereinafter "PTSD") as a result of alleged physical and sexual abuse in the foster home, at the hands of a third-party, Samuel Stevens (aka Thinman).

Molly Raymond, Dennis Drake, and their children have had a long history of involvement with the Department of Children, Youth and Families (DCYF).[2] By the time Brandon and Jarrod were placed in the Sykes foster home, they were already severely neglected and arguably abused while in Ms. Raymond's and her various family members care. In fact the twins were removed from Ms. Raymond's care on numerous occasions as a result of Ms. Raymond's inability to care for her children, in part, due to

[1] The Court vacated the date certain trial date when the case was removed to the United States District Court for the District of Rhode Island.

[2] DCYF first opened its file on the Molly Potter/Raymond family in 1979. In addition to the twin boys, Ms. Raymond other children are James Pelky, DOB 8/27/74; Richard Raymond DOB 7/11/79; Jeffrey and Raymond DOB 7/29/89, all of whom DCYF has had to remove from Ms. Raymond's care at various times,

severe alcoholism, drug use and domestic violence.[3] Moreover, because the twins were considered unusually difficult to control, DCYF found many foster homes unwilling to keep the twins for any extended period of time. At the time the four-year old twins were placed in Ms. Sykes foster care, the subject of this action, Jarrod had been removed from his mother's care and placed in 8 different foster placements and Brandon, had been removed from his mother's care and placed in approximately 6 different foster homes.

Pursuant to DCYF regulations, before the children were placed with Ms. Sykes, she completed a licensing application. Ms. Sykes' application shows that she lived in a second floor unit in an apartment house at 25 Hanover Street, Providence, Rhode Island.[4] As part of the application process, the applicant is required to give DCYF the names and birth dates of all individuals residing in the home so that appropriate background checks can be done before any children are placed in the home. Ms. Sykes did not list Samuel Stevens, the alleged perpetrator, in her licensing application.

Brandon and Jarrod lived in the Sykes home for approximately eighteen (18) months before they were removed by DCYF on May 27, 1998. According to DCYF records, on that date, a social worker and school nurse at the Gilbert School, where the twins attended, observed bruises on their inner forearms. The records indicate that the school contacted DCYF to report that the boys told them that they had been taken into the basement by "thinman", held out their arms and were hit with a belt. The boys were taken to the emergency room for treatment. Because of the seriousness of the allegations,

---

[3] By October 1994, and prior to the Twins entering the Sykes foster home, DCYF had conducted twenty (20) investigations into the Raymond/Pelky/Potter family.

[4] The apartment house of 25 Hanover Street was a two and one-half story dwelling. The basement and the first floor were considered separate entities for licensing purposes.

DCYF immediately removed Brandon and Jarrod from the Sykes home and arranged for other placements.

DCYF conducted an investigation and Child Protective Investigator, Virginia Miller, questioned a number of individuals, including the twins, Samuel Stevens, Faith Sykes and Peggy Gloria, the DCYF social worker assigned to Ms. Raymond. Faith Sykes, significantly, told Investigator Miller that she owned the entire house, rented out the first floor, and kept the basement locked so the children could not access it. Ms. Sykes also reported that “only” she, the foster father (“Smitty”), her daughter and the foster children lived in the apartment. Investigator Miller “indicated” against Samuel Stevens charges of physical abuse of Brandon and Jarrod. Additionally, charges of “lack of supervision/caretaker” of Brandon and Jarrod were “indicated” against Faith Sykes. Investigator Miller’s report noted that Faith Sykes had “failed to disclose that Mr. Stevens was living in her home and that the foster children were in the basement.” According to the report, Mr. Stevens denied hitting the boys with a belt. According to DCYF records, the boys “recanted” their statements while at the subsequent foster placement. The allegations against both Ms. Sykes and Mr. Stevens were subsequently “unfounded”.

Approximately one year later, after Brandon and Jarrod were returned home to Ms. Raymond’s care, and after DCYF dismissed a pending Termination of Parental Rights against Ms. Raymond, she reported to DCYF that the twins alleged Samuel Stevens had sexually abused them. An investigation into the new allegations of sexual abuse declared that because there was “too much inconsistency” in the boys’ stories, these charges were “unfounded.”

Molly Raymond and Dennis Drake, in support of their claim of negligence, recite a number of allegations that they contend should have given notice to the Defendants that the children would be allegedly injured if they were not removed from the foster home. These allegations, which arise from reports made to the DCYF hotline, include, ***inter alia***, complaints that the boys, on one occasion, were wearing sweat suits on a hot summer day, that the children allegedly did not appear at scheduled visits, and even that one child received a bruise on his face allegedly at the hands of the foster father. [5] Id. Absent from the allegations, however, is any mention of Samuel Stevens or any other third-party. Various DCYF employees reviewed each of the allegations and none of the allegations were founded.

Subsequent to the return of the twin boys to Ms. Raymond's care, they have repeatedly been referred to various inpatient residential treatment facilities including Bradley and Butler Hospital due to violent and unsafe behaviors and to the Courts for criminal activities. Plaintiffs allege that the twins current behavior is causally connected to the alleged abuse they suffered in the Sykes home and seek damages for those injuries.

## III. TRIAL ISSUES

Since the parties had a date certain trial in State Court for April 29, 2008 discovery is essentially complete.[6] While there have recently been settlement discussions, it is unlikely settlement may be reached, as the Plaintiffs have several difficulties in meeting their burden in proving this case and because Plaintiffs demand

[5] The DCYF record contains numerous references to complaints to the hotline and allegations made to DCYF by Ms. Raymond that the twins received equate care while at the Sykes foster placement. There are also notations in the records that Ms. Raymond was very angry when she learned that the twins were living with a "black" foster family.

[6] The only outstanding discovery is Plaintiffs recent Request for Production of Documents and the deposition of Plaintiffs' expert scheduled for May 5, 2008.

was well beyond $100,000. First, Plaintiffs have some significant credibility issues to overcome with the twins "disclosures". The twins' deposition testimony is radically different than their "disclosures" as reported by their mother. In addition, the boys recanted their initial disclosures early on when they were in subsequent foster placements. Finally, the State's expert in physical and sexual abuse will testify about the insufficiency of evidence for finding physical and sexual abuse and the State's expert in adolescent psychiatry will testify regarding the improper diagnosis of PTSD.

The State's expert, Dr. Christine Barron, the Clinical Director at Hasbro Children's Hospital, who oversees the Child Sexual Abuse Clinic, is prepared to testify that to a reasonable degree of medical certainty, she would not causally connect the twins' current psychological and medical condition with the alleged abuse in the Sykes home. Dr. Barron is further prepared to testify that the twins medical records, disclosures and deposition testimony are not consistent with and do not reach the level of making a diagnosis of sexual abuse.

Moreover, the State's Adolescent Psychiatric expert, Dr. Joseph Penn, former Director of Psychiatric Services at the RI Training School, is prepared to testify to a reasonable degree of medical certainty, that the twins' have not been properly diagnosed with a PTSD diagnosis, that the twins suffer from a multitude of disorders related to their relationship, or lack thereof, with their biological mother and that it is not possible, to establish that any abuse they might have suffered is causally related to their current physical and emotional condition.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Genevieve M. Allaire Johnson
GENEVIEVE M. ALLAIRE JOHNSON, No. 5778
Special Assistant Attorney Generals
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400, Ext. 2298
Fax No.: (401) 222-2995

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 25th day of April, 2008, a copy of the forgoing was mailed, via regular first-class mail, postage prepaid, to the following:

**Mary Ann Violette, Esquire**
Audette, Bazar, Cordeiro, & Grasso
35 Highland Avenue
East Providence, RI 02914

**Thomas L. Mirza, Esquire**
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906

/s/ Genevieve M. Allaire Johnson