**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J. R., a minor, P.P.A. MOLLY RAYMOND; B.R., a minor, P.P.A. MOLLY RAYMOND; and MOLLY RAYMOND; | ) | |
| Plaintiffs | ) | |
| vs. | ) | C.A. No. 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as a Social Worker; STEPHANIE TERRY, Individually and in her Capacity as Supervisor; STATE OF RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | ) | |
| Defendants. | ) | |

# THIRD AMENDED COMPLAINT

1. That the Plaintiff Molly Raymond is a resident of the City of Woonsocket, County of Providence, State of Rhode Island.

2. That Plaintiff, J.R., a minor, was at all times relevant hereto, a resident of the State of Rhode Island.

3. That Plaintiff, B.R., a minor, was at all times relevant hereto, a resident of the State of Rhode Island.

4. That Defendant Margaret Gloria, was a Social Worker, employed by Rhode Island Department of Children, Youth and Families and at all times pertinent hereto, acting under the color of the laws of the State of Rhode Island.

5. That Defendant, Stephanie Terry, DCYF Supervisor, was an employee of the Department of Children, Youth and Families and at all times pertinent hereto, acting under the color of the laws of the State of Rhode Island.

6. That Patricia Martinez is the Director of the Department of Children, Youth and Families hereinafter referred to as the DCYF, is a Department of the State of Rhode Island.

7. That Plaintiff, Molly Raymond is the biological mother of the plaintiffs J.R., a minor, and B.R., a minor.

8. That on or about November, 1996, the DCYF was given temporary care, custody and control of the minor Plaintiffs, J.R., a minor, and B.R., a minor.

9. That on or about November, 1996, J.R., a minor, and B.R., a minor, then 4 years of age, were removed from the home of their biological parent and placed by the DCYF in the licensed foster home of Faith Sykes.

10. That the Defendant, DCYF through its agents, servants and/or employees maintained J.R., a minor, and B.R., a minor, in the foster care home of Faith Sykes for approximately 16 months, through May of 1998.

11. That the Defendant DCYF, prior to placing J.R., a minor, and B.R., a minor, in the Sykes home, issued a foster home license to Faith Sykes.

12. That each of the Defendants, so long as J.R., a minor, and B.R., a minor, remained in the temporary care custody and control of the DCYF, owed these Plaintiffs a duty to provide them with a safe, fit and healthy living environment.

13. That the Defendant, DCYF, is responsible for the negligent acts and/or omissions of its agents, servants and/or employees.

14. That on a prescheduled basis, the DCYF arranged for J.R., a minor, and B.R., a minor, to be picked-up from the Sykes foster home and taken to the Plaintiffs Molly Raymond and Dennis Drake for visitation.

15. That beginning in October 1997, an individual known to the DCYF only as "Thinman," was at times babysitting the Plaintiffs J.R., a minor, and B.R., a minor, at the Sykes foster home.

16. That on at least nine separate dates between October 29, 1997 and May 16, 1998, the DCYF workers responsible for the transportation of the Plaintiffs J.R., a minor, and B.R., a minor, noted Thinman in their reports as the person caring for the children.

17. That in more than one DCYF report between October 29, 1997 and May 16, 1998, the DCYF workers referred to the Sykes home as "Thinman foster home."

18. That the DCYF has a policy requiring the DCYF, its agents or servants to conduct an investigation of third parties, not already licensed or investigated, who become regular caregivers of foster children.

19. That based on Thinman's repeated and regular caretaking of these five year old boys, and that the Sykes home was repeatedly referred to as the "Thinman foster home,"

the DCYF, according to their own policy, had an obligation to conduct an investigation of "Thinman."

20. That at no time between October 29, 1997 and May 16, 1998 did these Defendants conduct any investigation whatsoever into the identity, background or appropriateness of "Thinman" as a caretaker for this boys.

21. That, according to DCYF documents, on diverse dates between October 29, 1997 and May 15, 1998 the DCYF workers only communication with the foster home regarding the boys care was with "Thinman."

22. That on multiple dates between October 29, 1997 and May 16, 1998, the Plaintiffs J.R., a minor, and B.R., a minor, were delivered to the DCYF worker for visits, by Thinman, without having been fed breakfast.

23. That on diverse dates between October 29, 1997 and May 16, 1998 the DCYF workers noted escalating behaviors by the Plaintiffs during the visits with their parents.

24. That on or about May 27, 1998 school officials noticed multiple bruise marks on the bodies of the Plaintiffs J.R., a minor, and B.R., a minor.

25. That on or about May 27, 1998 a CANTS investigation was initiated by the Defendants regarding the reports made by school officials.

26. That during the course of the investigation DYFC CPI Virginia Miller spoke with the children about the bruises.

27. That when CPI Miller asked the boys how they got the bruises, they both told her that "Thinman" would take them into the basement of the Sykes home and hit them with a belt.

28. That during the course of the investigation CPI Miller spoke with Faith Sykes, the foster mother who denied the boys were being taken into the basement and that the basement was locked.

29. That during the course of the investigation CPI Miller, with Faith Sykes the foster mother, went into the basement and found the belt on the couch.

30. That during the course of the investigation CPI Miller spoke with "Thinman," now known as Samuel Stevens, regarding the allegations.

31. That during the course of the investigation "Thinman," now known as Samuel Stevens, admitted to disciplining the five year old twins in the basement, but denied using the belt.

32. That the medical records of the Plaintiffs J.R., a minor, and B.R., a minor, that were obtained by these Defendants during the investigation, noted bruise marks indicative of those inflicted by a belt.

33. That as a result of the investigation, Faith Sykes was indicated by the DCYF for institutional neglect.

34. That as a result of the investigation, "Thinman," aka, Samuel Stevens was indicated by the DCYF for abuse.

35. That as a result of the investigation the Plaintiffs J.R., a minor, and B.R., a minor, were permanently removed from the Sykes home.

36. That as a result of the abuse suffered by the Plaintiffs J.R., a minor, and B.R., a minor, while in the care, custody and control of these Defendants, these Plaintiffs have suffered physical injury, along with severe and permanent emotional and psychological damage.

37. That as a result of the abuse suffered by the Plaintiffs J.R., a minor, and B.R., a minor, while in the care, custody and control of these Defendants, these Plaintiffs have be hospitalized and placed in group homes or treatment facilities for much of the last ten years.

38. That on diverse dates after the Plaintiffs were removed from the Sykes foster home, the Plaintiffs J.R., a minor, and B.R., a minor, disclosed to their clinicians and/or doctors, multiple beatings by Thinman while in the foster home.

39. That on diverse dates after the Plaintiffs were removed from the Sykes foster home the Plaintiff B.R., a minor, disclosed that Thinman sexually abused him on numerous occasions in the Sykes basement.

40. That on diverse dates after the Plaintiffs were removed from the Sykes foster home the Plaintiffs J.R., a minor, disclosed that he was present in the basement when Thinman abused B.R., a minor, but did nothing out of fear.

41. That as a direct and proximate cause of the physical and sexual abuse suffered by the Plaintiffs J.R., a minor, and B.R., a minor, while in the care, custody and control of these Defendants, these Plaintiffs will need mental health treatment for the rest of their lives.

42. That Defendant DCYF, and its agents, servants and/or employees knew or should have known of said abuse.

43. That the Defendants, knowing the children were being regularly cared for by an unknown individual named "Thinman," placed the twins in an obvious position of peril.

44. That the Defendant's failure to investigate, then remove, the children from the care of "Thinman" was egregious conduct that is shocking to the conscience.

**COUNT I – NEGLIGENCE – MARGARET GLORIA IN HER CAPACITY AS SOCIAL WORKER, DCYF**

45. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein as if fully set forth herein.

46. That the Defendant Margaret Gloria, as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, was, at all times pertinent hereto, informed of the situation at the Sykes home regarding Thinman.

47. That the Defendant Margaret Gloria, as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, had a legal duty to place and maintain the minor children, in a safe, fit and healthy foster home.

48. That Defendant, Margaret Gloria, as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, knew or should have known of the abuse of the Plaintiff's J.R., a minor, and B.R., a minor, while in placement at the Sykes foster home.

49. That the Defendant Margaret Gloria breached said duty by maintaining the Plaintiffs, J.R., a minor, and B.R., a minor, in the home of Faith Sykes when she knew or should have known an unknown third party was caring for the children.

50. That as a direct and proximate result of said breach the Plaintiffs, J.R., a minor, and B.R., a minor, have suffered physical injury, along with severe and permanent emotional and psychological damage.

51. That the amount of damages claimed is sufficient to establish jurisdiction in this Court.

**WHEREFORE**, Plaintiffs seek judgment against this Defendant in an amount equal to the statutory limitation of $100,000 for each Plaintiff.

J.R., a minor, and B.R., a minor,
P.P.A. Molly Raymond and Molly
Raymond, Plaintiffs

/s/Thomas L. Mirza

Thomas L. Mirza, Esq. No. 5653
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906
(401) 861-1743

(401) 861-1746
tmirza@pmlawprov.com

## COUNT II – NEGLIGENCE – MARGARET GLORIA, INDIVIDUALLY

52. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein as if fully set forth herein.

53. That the Defendant Margaret Gloria, individually, was, at all times pertinent hereto, informed of the situation at the Sykes home regarding “Thinman.”

54. That the Defendant Margaret Gloria, had a legal duty maintain the minor children in a safe, fit and healthy foster home.

55. That Defendant, Margaret Gloria, individually knew or should have known of the abuse of the Plaintiff's J.R., a minor, and B.R., a minor, while in placement at the Sykes foster home.

56. That the Defendant Margaret Gloria breached said duty by maintaining the Plaintiffs, J.R., a minor, and B.R., a minor, in the home of Faith Sykes when she knew or should have known an unknown third party was caring for the children.

57. That as a direct and proximate result of said breach the Plaintiffs, J.R., a minor, and B.R., a minor, have suffered physical injury, along with severe and permanent emotional and psychological damage.

58. That the amount of damages claimed is sufficient to establish jurisdiction in this Court.

**WHEREFORE**, Plaintiffs seek judgment against this Defendant in an amount equal to be determined by a jury along with attorney’s fees and costs.

J.R., a minor, and B.R., a minor,
P.P.A. Molly Raymond and Molly
Raymond, Plaintiffs

/s/Thomas L. Mirza
Thomas L. Mirza, Esq. No. 5653
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906
(401) 861-1743
(401) 861-1746
tmirza@pmlawprov.com

**COUNT III– NEGLIGENCE – STEPHANIE TERRY IN HER CAPACITY AS SUPERVISOR, DCYF**

59. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein as if fully set forth herein.

60. That the Defendant Stephanie Terry, as supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, was, at all times pertinent hereto, informed of the situation at the Sykes home regarding Thinman.

61. That the Defendant Stephanie Terry, as supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, had a legal duty to insure these children be placed and maintained in a safe, fit and healthy foster home.

62. That Defendant, Stephanie Terry, as supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, knew or should have known of the abuse of the Plaintiff's J.R., a minor, and B.R., a minor, while in placement at the Sykes foster home.

63. That the Defendant Stephanie Terry breached said duty by maintaining the Plaintiffs, J.R., a minor, and B.R., a minor, in the home of Faith Sykes when she knew or should have known an unknown third party was caring for the children.

64. That as a direct and proximate result of said breach the Plaintiffs, J.R., a minor, and B.R., a minor, have suffered physical injury, along with severe and permanent emotional and psychological damage.

65. That the amount of damages claimed is sufficient to establish jurisdiction in this Court.

**WHEREFORE**, Plaintiffs seek judgment against this Defendant in an amount equal to the statutory limitation of $100,000 for each Plaintiff.

J.R., a minor, and B.R., a minor,
P.P.A. Molly Raymond and Molly
Raymond, Plaintiffs

/s/Thomas L. Mirza
Thomas L. Mirza, Esq. No. 5653
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906
(401) 861-1743
(401) 861-1746
tmirza@pmlawprov.com

**COUNT IV –DEPRIVATION OF SUBSTANTIVE DUE PROCESS RIGHTS – 42 U.S.C. §1983, MARGARET GLORIA IN HER CAPACITY AS SOCIAL WORKER, DCYF**

66. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein as if fully set forth herein.

67. That the Defendant Margaret Gloria, as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, was, at all times pertinent hereto, acting under the color of the laws of the State of Rhode Island, Department of Children Youth and Families.

68. That the Defendant Margaret Gloria, as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, had a legal duty to place and maintain the minor children, in a safe, fit and healthy foster home.

69. That Defendant, Margaret Gloria, as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, knowing that the children were in the regular care of an individual only known as "Thinman," allowed the children to remain in placement at the Sykes foster home.

70. That Defendant, Margaret Gloria, as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, knowing that the children were in the regular care of an individual only known as "Thinman," failed to initiate an investigation regarding "Thinman's" appropriateness as a caregiver pursuant to DCYF policy.

71. That the Defendant Margaret Gloria as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, by failing to investigate and/or remove the children from this foster home created a danger to these Plaintiffs.

72. That the Defendant Margaret Gloria as the DCYF social worker assigned to J.R., a minor, and B.R., a minor, by failing to remove the children from this foster home rendered these five year old children more vulnerable to danger than had she not acted at all.

73. That the abuse suffered by the Plaintiff's J.R., a minor, and B.R., a minor, as a direct result of Defendant, Margaret Gloria's failure to investigate and/or remove the children from the care of "Thinman" was foreseeable and fairly direct.

74. That the Defendant, Margaret Gloria's failure to investigate and/or remove the children from the care of an unknown person named "Thinman," demonstrates her deliberate indifference to the safety and wellbeing of the children.

**WHEREFORE**, Plaintiffs seek judgment against this Defendant in an amount equal to be determined by a jury along with punitive damages, attorney's fees and costs.

J.R., a minor, and B.R., a minor,
P.P.A. Molly Raymond and Molly
Raymond, Plaintiffs

/s/Thomas L. Mirza
Thomas L. Mirza, Esq. No. 5653
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906
(401) 861-1743
(401) 861-1746
tmirza@pmlawprov.com

**COUNT V –DEPRIVATION OF SUBSTANTIVE DUE PROCESS RIGHTS – 42 U.S.C. §1983, STEPHANIE TERRY IN HER CAPACITY AS SOCIAL WORKER, DCYF**

75. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein as if fully set forth herein.

76. That the Defendant Stephanie Terry, as Supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, was, at all times pertinent hereto, acting under the color of the laws of the State of Rhode Island, Department of Children Youth and Families.

77. That the Defendant Stephanie Terry, as Supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, had a legal duty to place and maintain the minor children, in a safe, fit and healthy foster home.

78. That Defendant, Stephanie Terry, as Supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, knowing that the children were in the regular care of an individual only known as "Thinman," allowed the children to remain in placement at the Sykes foster home.

79. That Defendant, Stephanie Terry, as Supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, knowing that the children were in the regular care of an individual only known as "Thinman," failed to initiate an investigation regarding "Thinman's" appropriateness as a caregiver pursuant to DCYF policy.

80. That the Defendant Stephanie Terry, as Supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, by failing to investigate and/or remove the children from this foster home created a danger to these Plaintiffs.

81. That the Defendant Stephanie Terry, as Supervisor of the DCYF social worker assigned to J.R., a minor, and B.R., a minor, failed to remove the children from this foster

home, rendering these five year old children more vulnerable to danger than had she not acted at all.

82. That the abuse suffered by the Plaintiff's J.R., a minor, and B.R., a minor, as a direct result of Defendant Stephanie Terry's failure to investigate and/or remove the children from the care of "Thinman" was foreseeable and fairly direct.

83. That the Defendant, Stephanie Terry's failure to investigate and/or remove the children from the care of an unknown person named "Thinman," demonstrates her deliberate indifference to the safety and wellbeing of the children.

**WHEREFORE**, Plaintiffs seek judgment against this Defendant in an amount equal to be determined by a jury along with punitive damages, attorney's fees and costs.

J.R., a minor, and B.R., a minor,
P.P.A. Molly Raymond and Molly
Raymond, Plaintiffs

/s/Thomas L. Mirza
Thomas L. Mirza, Esq. No. 5653
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906
(401) 861-1743
(401) 861-1746
tmirza@pmlawprov.com

**COUNT VI –DEPRIVATION OF SUBSTANTIVE DUE PROCESS RIGHTS – 42 U.S.C. §1983, PATRICIA MARTINEZ, In Her Capacity As DIRECTOR, DCYF**

84. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein as if fully set forth herein.

85. That the Defendant Patricia Martinez, in her capacity as Director of the DCYF, was, at all times pertinent hereto, acting under the color of the laws of the State of Rhode Island, Department of Children Youth and Families.

86. That the Defendant Patricia Martinez, in her capacity as Director of the DCYF, had a legal duty to place and maintain the minor children, in a safe, fit and healthy foster home.

87. That Defendant, Patricia Martinez, in her capacity as Director of the DCYF, knew or should have known that that these children were in the regular care of an individual only known as “Thinman.”

88. That Defendant, Patricia Martinez, in her capacity as Director of the DCYF, allowed the children to remain in placement at the Sykes foster home.

89. That Defendant, Patricia Martinez, in her capacity as Director of the DCYF, knowing that the children were in the regular care of an individual only known as “Thinman,” failed to initiate an investigation regarding “Thinman’s” appropriateness as a caregiver pursuant to DCYF policy.

90. That the Defendant, Patricia Martinez in her capacity as Director of the DCYF, by failing to investigate and/or remove the children from this foster home created a danger to these Plaintiffs.

91. That the Defendant, Patricia Martinez in her capacity as Director of the DCYF, failed to remove the children from this foster home, rendering these five year old children more vulnerable to danger than had she not acted at all.

92. That the abuse suffered by the Plaintiff’s J.R., a minor, and B.R., a minor, was a foreseeable and fairly direct result of Defendant Patricia Martinez’s failure to investigate and/or remove the children from the care of “Thinman.”

93. That the Defendant, Patricia Martinez, in her capacity as Director of the DCYF, by failing to investigate and/or remove the children from the care of an unknown person named “Thinman,” demonstrates the Department’s deliberate indifference to the safety and wellbeing of the children.

**WHEREFORE**, Plaintiffs seek judgment against this Defendant in an amount equal to be determined by a jury along with punitive damages, attorney’s fees and costs.

J.R., a minor, and B.R., a minor,
P.P.A. Molly Raymond and Molly
Raymond, Plaintiffs

/s/Thomas L. Mirza
Thomas L. Mirza, Esq. No. 5653
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906
(401) 861-1743
(401) 861-1746
tmirza@pmlawprov.com

## COUNT VII – LOSS OF CONSORTIUM

94. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein as if fully set forth herein.

95. That these Defendants had a legal duty to place and maintain the minor children, in a safe, fit and healthy foster home.

96. That Defendants knew or should have known of the abuse of the Plaintiff's J.R., a minor, and B.R., a minor, while in placement at the Sykes foster home.

97. That these Defendants breached said duty by maintaining the Plaintiffs, J.R., a minor, and B.R., a minor, in the home of Faith Sykes when she knew or should have known an unknown third party was caring for the children.

98. That as a direct and proximate result of said breach the Plaintiffs, Molly Raymond and Dennis Drake have suffered emotional and psychological damage along with the loss of the companionship of their children J.R., a minor, and B.R., a minor,.

99. That the amount of damages claimed is sufficient to establish jurisdiction in this Court.

**WHEREFORE**, Plaintiffs seek judgment against this Defendant in an amount equal to the statutory limitation of $100,000 for Plaintiff Molly Raymond and Plaintiff Dennis Drake.

J.R., a minor, and B.R., a minor,
P.P.A. Molly Raymond and Molly
Raymond, Plaintiffs

/s/Thomas L. Mirza
Thomas L. Mirza, Esq. No. 5653
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906
(401) 861-1743
(401) 861-1746
tmirza@pmlawprov.com

Plaintiff's Demand a Jury Trial on all Counts