**United States District Court**
**for the District of Rhode Island**

| | | |
|---|---|---|
| Jarrod Raymond, ppa Molly Raymond, et al | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Peggy Gloria, et al | ) | C.A. No. 2008-137S |

## MOTION BY NON-PARTY OFFICE OF THE CHILD ADVOCATE TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER OR, ALTERNATIVELY, MOTION TO OBJECT

Pursuant to Fed. R. Civ. P. 45(c) and 26(c), non-party RI Office of the Child Advocate, by its undersigned counsel, hereby moves to quash a subpoena issued to it by Plaintiff in the above-referenced action. For the reasons set forth more fully in the accompanying Memorandum of Law submitted herewith, the subpoena should be quashed and a protective order should enter.

Respectfully submitted,

Date: July 16, 2008

/s/ Jametta O. Alston

Jametta O. Alston, Esq. (R.I. Lic. No. 3909)
RI Office of the Child Advocate
John O. Pastore Complex
Louis Pasteur Building, 4th Floor
57 Howard Avenue
Cranston, RI 02920
jalston@gw.doa.state.ri.us
(401) 462-4300 (office)
(401) 462-4305 (fax)

## CERTIFICATION

I hereby certify that I sent to Plaintiffs attorney, MaryAnn Violette, a copy of the within motion and memorandum of law via facsimile and via first-class mail, postage pre-paid, to attorney Violette's office at 35 Highland Avenue, East Providence, RI 02914.

/s/ Jametta O. Alston

**United States District Court**
**for the District of Rhode Island**

| | | |
|---|---|---|
| Jarrod Raymond, ppa Molly Raymond, et al | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Peggy Gloria, et al | ) | C.A. No. 2008-137S |

**MEMORANDUM IN SUPPORT OF MOTION BY NON-PARTY RI OFFICE OF THE CHILD ADVOCATE TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER OR ALTERNATIVELY, TO OBJECT**

Pursuant to Federal Rules of Civil Procedure 45(c) and 26(c), non-party RI Office of the Child Advocate, through undersigned counsel, respectfully submits this memorandum of law in support of its motion to quash plaintiff's subpoena or, alternatively, to object to it.

STATEMENT OF FACTS

1. The RI Office of the Child Advocate ("OCA") is not a party to the above-entitled action.

2. On July 3, 2008, the OCA received service of a subpoena filed by MaryAnn Violette, Esq., attorney for Plaintiffs.

3. The subpoena did not set forth the method of recording the testimony to be taken at the deposition.

4. The subpoena did not describe with reasonable particularity the matters for examination.

5. The subpoena commanded the Keeper of the Records for the OCA to appear at the office of attorney Violette on July 17, 2008 at 10:15 a.m. to testify at the taking of a deposition and to produce and permit inspection and copying of "any and all indications of abuse and/or neglect filed with the Office of the Child Advocate against Jarrod

Raymond, DOB: 8-10-1992 and/or Brandon Raymond, DOB: 8-10-1992, for the period of 5-1-1998 through 1-31-2000."

6. After a reasonable search for the requested records conduct by OCA staff, and upon information and belief, the OCA is not in possession of any of the requested records relevant to the pending litigation.

7. Furthermore, if the OCA did possess such records they would be confidential.

ARGUMENT

1. The OCA should not be deposed where the subpoena did not state the method for recording the testimony as required by Fed. R. Civ. P. 30(b)(3)(A) and 45(a)(1)(B). The subpoena, as served, stated the location, date, and time of the deposition but did not state the method for recording the testimony, which may include testimony recorded by audio, audiovisual, or stenographic means, unless the Court orders a different method.

2. The OCA, an agency and nonparty to the pending litigation, should not be deposed where the subpoena did not state with reasonable particularity the matters for examination as required by Fed. R. Civ. P. 30(b)(6). Although the subpoena commands the Keeper of the Records for the OCA to appear and to bring along certain documents for inspection and copying, it does not specify the particular matters to which the deponent is to testify.

**3.** The court should grant the OCA's motion because it would cause an undue burden to the OCA to appear at a deposition to testify where it has none of the requested records and has no relevant information regarding the Plaintiffs to offer. Fed. R. Civ. P. 34(c) states that a nonparty may be compelled to produce documents and tangible things or to permit an inspection, as provided in Rule 45. However, upon timely motion, the

issuing court must quash or modify a subpoena that (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). The issuing court may, for good cause, enter a protective order forbidding disclosure or discovery where a person may suffer undue burden. Fed. R. Civ. P. 26(C)(1), 26(C)(1)(A). Undue burden may be shown and good cause met where a nonparty has no relevant information to offer and an inquiry would not be reasonably calculated to lead to admissible evidence. E.g., United States v. Various Assets of Harry Kaufmann, 769 F. Supp. 299 (E.D. Wis 1991). The OCA has no relevant information regarding the Plaintiffs to offer. Furthermore, if it did possess the requested documents, the OCA would most likely have acquired them directly from DCYF, defendants in the pending litigation, and they would have pertained to the care and treatment of children in DCYF care. Pursuant to its governing statute, such records are confidential. R.I.G.L. §42-73-10. Because the OCA has no relevant information to offer regarding the Plaintiffs, it is unlikely that its testimony would lead to admissible evidence. Therefore, the OCA should be protected from further discovery in the pending litigation.

CONCLUSION

For the foregoing reasons, the subpoena to the RI Office of the Child Advocate should be quashed or, alternatively, its motion to object granted, and a protective order preventing further discovery should enter.

Respectfully Submitted,

Date: July 16, 2008

/s/ Jametta O. Alston
Jametta O. Alston, Esq. (R.I. Lic. No. 3909)

RI Office of the Child Advocate
John O. Pastore Complex
Louis Pasteur Building, 4th Floor
57 Howard Avenue
Cranston, RI 02920
jalston@gw.doa.state.ri.us
(401) 462-4300 (office)
(401) 462-4305 (fax)

CERTIFICATION

I hereby certify that I sent to Plaintiffs attorney, MaryAnn Violette, a copy of the within motion and memorandum of law via facsimile and via first-class mail, postage pre-paid, to attorney Violette's office at 35 Highland Avenue, East Providence, RI 02914.

/s/ Jametta O. Alston