**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J.R., a minor, P.P.A. MOLLY RAYMOND; B.R., a minor P.P.A. MOLLY RAYMOND; and MOLLY RAYMOND | : | |
| VS. | : | C.A. NO.: 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | : | |

**PROPOSED JURY INSTRUCTIONS**

**Jury Instruction # 1**

**ROLE OF THE JURY**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said - or what I may say in these instructions about a fact in issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer that is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**Jury Instruction # 2**

**JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**Jury Instruction # 3**

**STATE AS A PARTY**

The fact that the defendant is the State of Rhode Island should not affect your decision. All persons are equal before the law and the State is entitled to the same fair and conscientious consideration by you as any other person.

**Jury Instruction # 4**

**JURY TO DISREGARD COURT'S VIEW**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law that I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely any evidence that has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

**Jury Instruction # 5**

**CONDUCT OF COUNSEL**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Jury Instruction # 6**

**SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

**Jury Instruction # 7**

**BURDEN OF PROOF**

This is a civil case and as such the plaintiff has the burden of proving the allegations of his complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried the burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

If upon consideration of all the facts on the issue of the Defendant's fault you find that the plaintiff has failed to sustain the burden cast upon him, then you proceed no further and your verdict must be for the Defendant State of Rhode Island. If, however, you find that the plaintiff has sustained the burden on this issue, then you proceed to consider the issues of assumption of the risk and comparative negligence.

**Jury Instruction # 8**

**PREPONDERANCE OF THE EVIDENCE**

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. That plaintiff introduced a particular document does not prevent you from using that document to support a claim of the defendant; that defendant called a particular witness does not prevent you from using testimony by that witness to support a claim made by plaintiff.

If you find that the credible evidence on a given issue is evenly divided -- that it is equally probable that one side is right as it is that the other side is right - then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence - he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly in favor of the party with this burden of proof-that what the party claims is more likely true than not true, then that element will have been proved by a preponderance of the evidence.

**Jury Instruction # 9**

**WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and stipulations entered into by the parties.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

You may not consider exhibits that have been marked for identification as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Jury Instruction # 10**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not see outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

## Jury Instruction # 11
## STIPULATION OF FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

**Jury Instruction # 12**

**WITNESS CREDIBILITY**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various issues raised by the parties in the face of very different interpretations by both sides. It must also be obvious to you that both sides cannot be correct and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor-that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

## Jury Instruction # 13

## OPINION EVIDENCE-EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses". Witnesses who, by education and experience, have become expert in some scientific or technical area may state their opinions as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Federal Rules of Evidence, Rule 702.

**Jury Instruction # 14**

**DISCREPANCIES IN TESTIMONY**

You have heard discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. Two people witnessing an event may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

If you believe the testimony of a single witness, you are entitled to base your verdict upon such testimony, even though the witness stands alone and his or her testimony is opposed to that of others. It is quality, not the quantity, of testimony that is important. The weight of the evidence is not determined by the number of witnesses for or against any one proposition.

**Jury Instruction # 15**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony

**Jury Instruction # 16**

**GENERAL NEGLIGENCE INSTRUCTION**

Plaintiff has brought this action against the defendant State of Rhode Island. In order to prove his claim in a negligence action, the plaintiff must establish that the State, through its employees, owed a duty to him, that the State breached such a duty, and that the breach was a proximate cause of his injuries.

Federal Express Corp. v. State of Rhode Island, 664 F.2d 830 (1st Cir. 1981)

**Jury Instruction # 17**

**NEGLIGENCE**

When a person acting in a given set of circumstances fails to exercise that degree of care for his own safety or for the safety of another which a reasonably prudent person would have exercised in the same or similar circumstances, that person is said to be negligent.
Hueston vs. Narragansett Tennis Club, Inc., 502 A.2d 827 (R.I. 1986).

In this case, Plaintiff has alleged that the State, acting through its employees, was negligent. You must consider whether the State acted as reasonably prudent persons when considering the negligence of the State.

**Jury Instruction # 18**

**REASONABLE CARE**

The care that a person must exercise at any given time or place depends upon the danger reasonably to be apprehended, and is the amount of care that an ordinary prudent person would exercise in the same or similar circumstances. Ordinary care is such care as a person of ordinary prudence exercises under the circumstances of the danger to be apprehended. The State is not an insurer of Plaintiff's safety, but owe him the duty of reasonable care and attention.

Herman v. King Union Co., 80 R.I. 181, 94 A.2d 428 (1953).
Lawton v. Vadenais, 84 R.I. 116, 122 A.2d 138 (1956).
R.I. Gen. Laws § 9-20-4.

**Jury Instruction # 19**

**FORESEEABILITY**

In order for an act to be considered negligent as to a certain person, the risk reasonably to be perceived must be within the range of apprehension. If you find that the risk of abuse was not one reasonably to be perceived by the State, then you must find for the State of Rhode Island.

Negligence consists of a failure to use reasonable care, that is, the care which a reasonably prudent person would use under the circumstances of the particular case. But to find that a defendant failed to use such care is not in all cases a sufficient basis for recovery by a plaintiff. Before plaintiffs can recover damages, the danger created in this case must have been foreseen by the State of Rhode Island. The test is whether the State should have known that Samuel Stevens would hit or abuse Jarrod and Brandon Raymond.

Radigan v. W.J. Halloran Co., 97 R.I. 122, 196 A.2d 160 (1963).
Evans v. Liguori, 374 A.2d 774 (R.I. 1977).

**Jury Instruction # 20**

**CAUSATION**

If you find that the State was negligent, you must consider whether that negligence caused the harm to Brandon or Jarrod Raymond. Plaintiffs must then demonstrate that his injury would not have occurred but for the negligence of the State, and such negligence must be shown to be a direct, rather than a remote, cause of the injury.

Federal Express Corp. v. State of Rhode Island, 664 F.2d 830, 837 (1st Cir. 1981).

**Jury Instruction #21**

**DAMAGES TO BE REASONABLE**

If you, the jury, determine under the rules and definitions I have given you, that Molly Raymond is entitled to recover damages, and only if you so determine, then she is entitled to recover only fair, just and reasonable compensation. It is not proper for a jury in considering the question of damages to attempt to be generous, rather than fair and reasonable. Damages must be based on the evidence so as to reasonably compensate the injured party.

Conn. Jury Instructions §231 a; D'Ambra v. U.S., 396 F.Supp. 1180, aff'd 518 F.2d 275 (D.R.I. 1973); Rosa v. American Oil Co., 129 Conn. 585, 590 (1943).

**Jury Instruction #22**

**COMPENSATORY DAMAGES**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from defendant's actions. These are known as compensatory damages.

You should not award compensatory damages unless the damages have been proven by a fair preponderance of the evidence.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guess work. Although mathematical exacititude is not required, damages must be based on reasonable and probable estimates.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. Damages based on conjecture or speculation are not recoverable.

Fed. Jury Instructions 77-3; Tom Shaw, Inc. v. Derecktor, 639 F.Supp. 1064 (D.R.I. 1986); Rhode Island Turnpike and Bridge Authority v. Bethlehem Steel Corp., 379 A.2d 344, appeal after remand, 415 A.2d 1295 (R.I. 1977); Moran Towing Corp. v. M.A. Gammino Const. Co., 244 F.Supp. 729, vacated and remanded 363 F.2d 108, on remand 292 F.Supp.134, aff'd in part and remanded, 409 F.2d 917.

**Jury Instruction #23**

**DAMAGES--CAUSE, SPECULATION**

Damages can only be awarded for those injuries that the plaintiff has proven, by a fair preponderance of the evidence, and with a reasonable probability, resulting from the negligence of the defendant. You cannot award damages for any injury which may possibly have resulted from the incident. You are not to speculate or guess as to the extent of plaintiff's injuries. It is incumbent upon plaintiff to satisfy you, by a fair preponderance of evidence, as to the amount which ought to be recovered as damages. It is not the burden of any defendant to disprove the claimed injuries.

Tom Shaw, Inc. v. Derecktor, 639 F.Supp. 1064 (D.R.I. 1986); Moran Towing Corp. v. M.A. Gammino Const. Co., 244 F.Supp. 729, vacated and remanded 363 F.2d 108, on remand 292 F.Supp.134, aff'd in part and remanded, 409 F.2d 917; Conn. Jury Instructions §222 (f) &(g).

**Jury Instruction #24**

**PUNITIVE DAMAGES NOT ALLOWED**

You may not include as damages any amount that you might add for the purpose of punishing the State or to make an example of it for the public good or to prevent other accidents. Such damages would be punitive and they are not authorized in this action.

City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

**Jury Instruction # 25**

**SYMPATHY-FINANCIAL WORTH OF DEFENDANT**

In this action the Plaintiff has made a claim against the State of Rhode Island. You may not give any consideration nor pay attention to the fact that the State is a named defendant. The size of a Defendant or its financial responsibility has no place in this trial. It is the pride of our system of law that our cases are not decided on the basis of whether the parties are rich or poor. I am sure you will decide this issue of damages on the evidence, and the law, as I give it to you, and not on some such condition as size or wealth of the defendant.

**Jury Instruction # 26**

**DUTY TO DELIBERATE-UNANIMOUS VERDICT**

You will now leave to decide the case. In order to prevail, plaintiffs must sustain their burden of proof, as I have explained to you, with respect to each element of the Complaint. If you find that Plaintiffs have succeeded, you should return a verdict in their favor. If you find that Plaintiffs failed to sustain their burden on any element of their claims, you should return a verdict for the Defendants.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

## Jury Instruction # 27

## SPECULATION AND CONJECTURE

The Plaintiffs cannot rely on conjecture or speculation to establish the essential elements of their case.

**Jury Instruction # 28**

**QUALIFIED IMMUNITY - § 1983**

Qualified immunity protects state officials such as all of the named Defendants in this case, in the exercise of their discretion, "from [personal] liability for civil damages insofar as [their] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982).

Qualified immunity is defined as:

> [G]overnment officials performing discretionary functions [have] qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought to be consistent with rights they are alleged to have violated. Somewhat more concretely, whether an official protected by qualified immunity may be held to be personally liable for an allegedly unlawful official action generally turns on the "objective reasonableness" of the action assessed in light of the legal rules that were "clearly established" at the time it was taken. (citations omitted)

"Clearly established" means "the contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." Anderson v. Creighton, 483 U.S. 635 (1987).

"[S]tate officials exercising discretionary authority are entitled to qualified immunity insofar as their conduct does not transgress clearly established constitutional or federal statutory rights of which a reasonably prudent official should have been aware." Buenrostro v. Collazo, 973 F.2d 39, 42 (1st Cir. 1992). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant,

112 S.Ct. 534, 537 (1991) (c*itation omitted*). "In essence, then, the defense of qualified immunity offers sanctuary not only to government officials who act with impeccable propriety, but also to those who err but could not have reasonably understood that their actions infracted a prospective Plaintiff's federally assured rights." ***deQuintero v. Aponte-Rogue***, 974 F.2d 226, 228 (1st Cir. 1992) (citations omitted).

You must ascertain whether the Plaintiffs have alleged, with the requisite particularity, that a state actor violated some right that emanated from federal law." ***Id.*** (*citing Siegart v. Gilley*, 111 S.Ct. 1789, 1793 (1991)). Next, you must "ascertain whether the right at issue was 'clearly established' at the time of the infringement." ***Anderson v. Creighton***, 483 U.S. 635, 640 (1987). Then you must decide whether each Defendant in this case acted reasonably under the circumstances. If you find that said Defendant did act reasonably, then you must find in favor of that Defendant.

**Jury Instruction # 29**

**NEGLIGENCE DOES NOT AMOUNT TO A FEDERAL CONSTITUTIONAL VIOLATION**

Negligence under state law does not amount to a federal constitutional violation.

Boveri v. Town of Saugus, 113 F.3d 4 (1st Cir. 1997)

**Jury Instruction # 30**

**STATE LAW QUALIFIED IMMUNITY**

You are instructed that Government Officials performing discretionary functions are shielded from liability for civil damages so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Hatch v. Town of Middletown, 311 F.3d 83 (1st Cir. 2002); Patterson v. Fuller, 654 F.Supp. 418 (N.D.Ga.1987)

**Jury Instruction # 31**

**42 U.S.C. § 1983**

1. Plaintiff's claim alleges a violation of the Plaintiff's civil rights. It I based on a federal statute known as the Civil Rights Act. The Civil Rights Act is a federal law 42 U.S.C. § 1983 – Which provides:

> "Every persons who, under color of any statute, ordinance, regulation, custom or usage of any state or territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The statue will be referred to as "§1983."

2. In order to establish a claim under 42 U.S.C. § 1983, the Plaintiff must establish, by a preponderance of the evidence, each of the following three (3) elements:

First, that the conduct complained of was committed by a "person" acting under color of State Law;

Second, that this conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the Defendant's acts were the proximate cause of the injuries and consequent damages sustained by the Plaintiff. ***Parratt v. Taylor***, 451 U.S. 527 (1981).

**Jury Instruction # 32**

**ABSENT WITNESS**

You may infer that the plaintiff's failure to call an available and material witness is an admission that the testimony of such witness would be unfavorable to the plaintiff.
Benevides v. Canario, 111 R.I. 204, 301 A.2d 75 (1973); Myles v. Women & Infant's Hospital, 504 A.2d 452 (R.I. 1986).

**Jury Instruction # 33**

**DUTY TO DELIBERATE-UNANIMOUS VERDICT**

You will now leave to decide the case. In order to prevail, plaintiffs must sustain his burden of proof, as I have explained to you, with respect to each element of his complaint. If you find that plaintiffs have succeeded, you should return a verdict in their favor on that claim. If you find that plaintiffs failed to sustain their burden on any element of his claim, you should return a verdict against them.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Respectfully submitted,

DEFENDANTS
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Genevieve M. Allaire Johnson
/s/ Suzette I. Pintard

Genevieve M. Allaire Johnson, No. 5778
Special Assistant Attorney General
Suzette I. Pintard, No. 7185
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 EXT. 2298
Fax No. (401) 222-2995

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 31st day of July, 2008 to the attorney(s) of record listed below:

Mary Ann Violette, Esquire
mviolette@abcglawfirm.com

Thomas L. Mirza, Esquire
tmirza@pmlawprov.com

David N. Bazar, Esquire
dbazar@abcglawfirm.com

/s/ Genevieve M. Allaire Johnson