**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JARROD RAYMOND, P.P.A. MOLLY RAYMOND, BRANDON RAYMOND, P.P.A. MOLLY RAYMOND, MOLLY RAYMOND, DENNIS DRAKE | : | |
| VS. | : | C.A. NO.: 08-137S |
| PEGGY GLORIA, Individually and in her capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES; JAY D. LINDGREN, JR., in his capacity as the Director of the Rhode Island Department of Children, Youth and Families, et als. | : | |

**MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. REBECCA RAMSEY**

Now come the Defendants and request that the Court enter an Order prohibiting the testimony of Dr. Rebecca Ramsey at trial in the above-captioned matter.

A memorandum in support hereof is attached.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Genevieve M. Allaire Johnson*

GENEVIEVE M. ALLAIRE JOHNSON, No. 5778
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400, Ext. 2298
Fax No.: (401) 222-2995

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 18th day of August, 2008 to the attorney(s) of record listed below:

**Mary Ann Violette, Esquire**
mviolette@abcglawfirm.com

**Thomas L. Mirza, Esquire**
tmirza@pmlawprov.com

**David N. Bazar, Esquire**
dbazar@abcglawfirm.com

/s/ Genevieve M. Allaire Johnson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JARROD RAYMOND, P.P.A. MOLLY RAYMOND, BRANDON RAYMOND, P.P.A. MOLLY RAYMOND, MOLLY RAYMOND, DENNIS DRAKE | : | |
| VS. | : | C.A. NO.: 08-137S |
| PEGGY GLORIA, Individually and in her capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES; JAY D. LINDGREN, JR., in his capacity as the Director of the Rhode Island Department of Children, Youth and Families, et als. | : | |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. REBECCA RAMSEY**

**I. Dr. Ramsey's proposed expert testimony should be excluded under the Federal Rules of Evidence 702.**

Dr. Ramsey's proposed testimony should be excluded because her proposed expert testimony is not based upon a reliable foundation under Federal Rule 702 and under Rule 104(a) which requires that the court make a preliminary assessment of whether the testimony's underlying reasoning or methodology is scientifically valid and properly can be applied to the facts in issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct 2786, 2789 (1993). There are many factors the Court considers in determining whether the underlying reasoning or methodology is scientifically valid. These factors include, considerations whether the theory or technique can be tested, whether it has been tested, whether it has been subjected to peer review

and publication, its potential error rate, the existence and maintenance of standards controlling its operation, and whether it has attracted widespread acceptance within a relevant scientific community. *Id.* at 2789. The focus must be solely on principles and methodology not on the conclusions that they generate. *Id.* An experts qualifications conclusions and assurances of reliability are not enough. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995).

Dr. Ramsey did not employ practice and procedures that conform to accepted community and national standards in conducting her interviews and evaluations of J.R. or B.R.. Dr. Ramsey's deposition testimony revealed that she did not follow **any** standard protocols for sexual abuse evaluations customarily used to assure that the results of the evaluations are not contaminated by other influences. In fact, although J.R. denied being sexually abused, in response to Dr. Ramsey's questioning, and although J.R. did not disclose to any other person that that he was sexually abused, Dr. Ramsey arrives at the incredible conclusion, to which she proposes to testify to a reasonable degree of medical certainty, that J.R. was in fact sexually abused while he was living in the Sykes foster home.

Dr. Ramsey testified in her deposition that the **only** protocols she utilized in her evaluations and in support of her expert opinion, was her documentation of her interactions with people and review of medical and DCYF records. Deposition of Dr. Rebecca Ramsey, 24, 2008, Pg 49 Lns. 6-13. (Attachment A) She also testified that she does a "very thorough clinical examination and use all my abilities to assess and evaluate what people are telling me". *Id.* Pg. 50 Lns. 9-11. Significantly, Dr. Ramsey testified that she did not follow or utilize any protocols during her interviews of Jarrod or Brandon. *Id.* Pg. 51 Lns. 1-5. She failed to follow any particular protocols or procedures in phrasing her questions during her interviews of J.R. or B.R.

*Id.* Pg. 51 Lns. 6-9. Dr. Ramsey did not videotape her evaluations. *Id.* Pg. 51, Lns. 21-22. In fact, in her interview of J.R. she brought her dog. *Id.* Pg. 35, Lns. 15-16.

Dr. Ramsey claims that she is" sure" that she is qualified to perform a forensic evaluation and she knows how to conduct forensic evaluations but could not recall how they are performed without reviewing the guidelines. *Id.* Pg. 120, Lns. 8-10, 16-22. However, she clearly did not conduct an appropriate forensic evaluation in her evaluation of J.R. or of B.R.. During her deposition she claimed her report was a forensic report. *Id.* Pg. 12, Lns. 17-19. Later she testified that the purpose of her report was for use in a court procedure. *Id.* Pg. 49, Lns. 3-5. She claimed the purpose was to evaluate the truth or accuracy of the boys' statements. *Id.* Pg. 49, Lns. 14-19. However, she failed to use any standards, protocols or special procedures during her evaluation.

Dr. Ramsey's testimony revealed that she failed to utilize principles and methodology to support her conclusions "to a reasonable degree of medical certainty" and therefore her testimony should be excluded.

**a. Dr. Ramsey's "forensic report" and therefore her proposed testimony are unreliable.**

Moreover, Dr. Ramsey's report and deposition testimony are fraught with assumptions based upon hearsay statements contained within the DCYF records.[1] For example, Dr. Ramsey interprets statements within the record, allegedly made by one of the twins, and relies upon those statements to support her conclusions. For example she testified:

> Q. So am I correct that then your opinion is that the sentence about asking to go to the doctor to get medicine so they wouldn't be bad is that the boys were saying that they were being beaten?

[1] Dr. Ramsey referred to at least 11 assumptions she made regarding the meaning or accuracy of hearsay statements, identity of reporters, and the work of psychiatric evaluators during her approximately three and a half hour deposition.

A. Yes. ***Id.*** Pg. 130, Lns. 22-24, Pg. 131, Lns. 2-7.

Dr. Ramsey made another assumption regarding the source of the hearsay statement in the following exchange and she used that assumption to support her conclusion that the twins were abused;

> Q. That is what I'm referring to, your statement that you assumed that's something the (sic) said to the boys.
>
> A. You know, my interpretation when I read that note was that Thinman had said it to Jarrod, and Jarrod had said it to his mother. ***Id.*** Pg. 146, Lns. 13-17.

Dr. Ramsey made assumptions regarding the identity of an anonymous person who made a cants report. ***Id.*** Pg. 22-24. Further, Dr. Ramsey included material in her "forensic" report and didn't know the purpose for including the information.

> Q. And then you have in here a statement from Molly…
>
> A. Yes
>
> Q. Why did you place that in here; the significance of that?
>
> A. That's a good question. I don't know why I put it in here. It was a quote from the DCYF record and I don't know why it stood out to say I'll, you know, include it. Could have been edited, possibly. ***Id.*** Pg. 91, Lns.16-24, Pg. 92, Lns. 1-2.

Dr. Ramsey made "assumptions" about what others meant and believed. She testified that it was her opinion that during a clinical evaluation of B.R. and J.R. for services and treatment, the evaluating physician actually made a determination as to the veracity of the twins' statements, despite any evidence that Dr. Savitsky made any such determination. ***Id.*** Pg. 118, Lns. 3-7.

Finally, Dr. Ramsey testified in her deposition and proposes to testify consistently therewith at trial, that "I do believe that the children were abused in the Sykes foster home

physically and sexually, very severely. *Id.* Pg. 93, Lns. 8-10. She should not be permitted to testify to a reasonable degree of medical certainty the twins were abused as she has not employed any methodology to determine and support that conclusion. This proposed "expert opinion" is no different than allowing a layperson's testimony under the disguise of an "expert" that he believed these Plaintiffs were sexually abused. Such testimony is impermissible and must be excluded.

**II. Dr. Ramsey 's proposed testimony is improper bolstering of witness credibility and on the ultimate issue in this case.**

Moreover, Plaintiffs' purported expert, Dr. Rebecca Ramsey, a child psychiatrist proposes to testify that the plaintiffs, J.R. and B.R. were abused. Dr. Ramsey should be precluded from this testimony as it would be an impermissible bolstering of witness credibility. Even Dr. Baron, the State's expert, Director of the Hasbro Child Protection Program since 1984 and a physician who has interviewed, researched, and extensively published on child neglect and sexual abuse[2] could not testify to a reasonable degree of medical certainty that the plaintiffs, J.R. and B.R., were physically or sexually abused while in the Sykes foster home. Dr. Barron can only testify regarding the factual evidence consistent or inconsistent with physical or sexual abuse and she can testify regarding the standards and protocols that must be used in interviewing and gathering reliable and untainted information related to allegations of physical or sexual abuse.

[2] Dr. Christine E. Barron, Child Abuse Pediatrics Fellowship Director, Hasbro Children's Hospital, Clinical Director, Child Protection Program, Hasbro Children's Hospital has testified fourteen times as an expert in sexual abuse, physical abuse, neglect and placement cases between 2005 and 2008.

**III. Dr. Ramsey is not qualified to testify to anything other than her medical opinion as to the psychiatric condition of the twins.**

Dr. Ramsey did not conduct a proper evaluation presumably because she does not have the qualifications or experience to employ the proper methodology. Dr. Ramsey is a psychiatrist in private practice since 1985 years, who treats mentally ill patients and consults with non-MD clinicians regarding medication. She is not qualified to render an expert opinion regarding sexual or physical abuse. Her two-page Curriculum Vitae is devoid of any experience publishing or training in the areas of physical and sexual abuse. She has not taught classes, is not associated with a University and does not have any Board Certifications. (Attachment B) (Curriculum Vitae, Rebecca Ramsey, M.D.).

Dr. Ramsey's testimony, if any, must be limited to her medical opinion as to the psychiatric condition of the twins. In fact in her deposition she agreed that her report, which contained her proposed testimony in this case, was prepared in order to render her medical opinion regarding the psychiatric condition of the twins. (Attachment A) (Dr. Ramsey's Deposition, Pg. 12, Lns. 7-9). Despite Dr. Ramsey's admission regarding the limited purpose of her testimony, Dr. Ramsey opined about many things during her deposition, including the appropriateness of licensing the foster home, the appropriateness of placing the twins in the home, the credibility of various DCYF social workers and investigators and what DCYF should or shouldn't have done in regard to these twins. *Id.* Pg. 70. Yet, Dr. Ramsey candidly admitted that she is not qualified to give an expert opinion regarding foster home placement or licensing standards.

> Q. Will you be testifying about anything –in this case, will you testifying at trial as an expert in anything other than the psychiatric condition of Jarrod and Brandon Raymond.
>
> A. I don't think I can testify to anything except as to a medical expert

related to the conditions of the boys.

Q. So you are not expecting to be an expert in the standard of care for state foster home licensing or placement is that right?

A. I don't think I can be that. I may have opinions but I don't –I'm not an expert in that field. *Id.* Pg. 9, Lns. 10-14.

In fact, her experience testifying as an expert has been limited to one case. She provided expert testimony regarding the psychiatric condition of a child who was assaulted by classmates in a negligence case.

**IV. Dr. Ramsey proposes to impermissibly testify regarding damages in the form of proposed placements for the twins.**

Proof of damages must rest on legally competent evidence establishing the nature and extend thereof and may not be the result of speculation or conjecture. *White v. LeClerk*, 444 A.2d 847 (R.I. 1982), *appeal after remand* 468 A.2d 289 (R.I. 1983). Damages must be based on reasonable and probable estimates. *Rhode Island Turnpike v. Bethlehem Steel Corp.*, 379 A.2d 344 (R.I. 1977). Damages must be proved to a reasonable certainty. *Smith v. Bileau Enterprises*, 308 A.2d 477 (R.I. 1973). An award for damages must rest on legally competent evidence establishing the nature and extent thereof; such an award may not properly be the result of speculation or conjecture. *Alterio v. Baltimore Construction Corp.*, 377 A.2d 237 (R.I. 1977); *Harris v. Town of Lincoln*, 668 A.2d 321 (R.I. 1995).

Dr. Ramsey proposes to testify regarding her recommendation that J.R. and B.R. enter into specialized and highly structured treatment programs in Arizona. However, she admitted during her deposition that the boys cannot go to these treatment programs at this age that she could not state to a reasonable degree of medical certainty that the boys need these programs in the future. She only testified that she thinks they might need it. (Attachment A) (Pg. 165, Lns.

4-16). Dr. Ramsey's testimony regarding damages should be excluded because her testimony is speculative and not based upon legally competent evidence.

For the above-stated reasons, the Defendants respectfully request their Motion in Limine be granted and/or that the Court conduct a hearing regarding the admissibility of Dr. Ramsey's testimony.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Genevieve M. Allaire Johnson*

GENEVIEVE M. ALLAIRE JOHNSON, No. 5778
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400, Ext. 2298
Fax No.: (401) 222-2995
gallaire@riag.ri.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 18th day of August, 2008 to the attorney(s) of record listed below:

**Mary Ann Violette, Esquire**
mviolette@abcglawfirm.com

**Thomas L. Mirza, Esquire**
tmirza@pmlawprov.com

David N. Bazar, Esquire
dbazar@abcglawfirm.com

/s/ Genevieve M. Allaire Johnson