**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J. R., a minor, P.P.A. MOLLY RAYMOND; B.R. a minor, P.P.A. MOLLY RAYMOND, and MOLLY RAYMOND; | ) | |
| Plaintiffs | ) | |
| vs. | ) | C.A. No. 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as a Social Worker; STEPHANIE TERRY, Individually and in her Capacity as Supervisor; STATE OF RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO THE DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF SAMUEL STEVENS OUT OF STATE CRIMINAL RECORD**

The defendants' have filed a Motion to Exclude Evidence of Samuel Stevens Out of State Record. The defendants aver that R.I. Gen. Laws § 14-1-34 did not require the DCYF to obtain NCIC records of foster parents or other residents of foster homes until the statute was amended in 2000.

The plaintiffs agree that R.I. Gen. Laws § 14-1-34 was amended in 2000 to specifically include the utilization of the NCIC Interstate Identification Index to verify out of state criminal records. But R.I. Gen. Laws § 14-1-34 (1994 Enactment, and in effect at all times pertinent hereto)[1] contained the following language:

[1] The plaintiffs were informed by defendant's counsel that the copy of R.I.G.L. § 14-1-34 submitted as plaintiffs' Trial Exhibit 2 is the 2000 enactment. Plaintiffs' counsel acknowledges the error and has informed opposing counsel that (with the Court's permission)

"The agencies ****, and the department of children, youth and families *shall request* the attorney general, through the division of criminal identification, to make available *any* criminal record of present and prospective foster parents." (Emphasis added)

This statute does not limit the request to in-state records. Is the DCYF averring that in **1998**, they had no ability and made no effort to determine if prospective foster parents or other adult caretakers had out-of-state records? Does this mean a former Massachusetts resident, who is a convicted child molester, would simply need to say 'I have no record" and the DCYF would leave it at that?

Samuel Stevens was a convicted felon when he resided in the Sykes home (NC Breaking & Entering, 1985 and Forgery 1981). DCYF 1998 Foster Home Regulations (Plaintiff's Trial Exhibit 1) states in Section III:

III. Denial, Renewal and Revocation of a Foster Care License/Certification.

C.(2) A License *Shall* be Revoked For the Following Reasons:

a) The foster parent *or other member of the household* is convicted of a felony. (Emphasis added)

Not only is the DCYF required to accumulate *any* criminal records, had they done so in this case the information would have led to the revocation of the Sykes license and the removal of the children. During the DCYF's investigation of the bruises on the boys, Stevens admitted to the DCYF that he lived in the Sykes home, on the third floor, in the bedroom next to the twins. His felony record is relevant. The DCYF's failure to acquire it is an issue of credibility and goes directly to the risks associated with strangers caring for children.

Furthermore, the DCYF never conducted any investigation Stevens. At no time during Samuel Stevens involvement with the children did DCYF question his residency, family

---

they will substitute it with the 1994 version for use at trial.

history, education, work history, criminal history or role with the children. Even though the Defendant Margaret Gloria claims to have spoken with Faith Sykes about Stevens, the DCYF record has no such notation. There is no documentation whatsoever that Margaret Gloria or Stephanie Terry ever requested a criminal background check of any type. The record does not even contain a copy of a clean Rhode Island BCI.

The plaintiffs discussed Nicini v. Morra, a state created danger case regarding abuse in a foster home, in their Pretrial Memorandum. (Plaintiffs' Pretrial Memorandum, pages 7-8) As stated therein, [T]he Third Circuit's determination that liability should not be imposed was based on the fact that the plaintiffs *could point to no policies violated by the caseworker, that he conducted a background check of the perpetrator, and that his investigation was presented to the Family Court.* Nicini v. Morra, 212 F.3d 798, 813 (3d Cir. 2000) (en banc). (Emphasis added) The DCYF has always had a duty to ensure the safety and wellbeing of foster children. The criminal record of the caretakers they place children with is extremely important information and both in-state and out-of-state criminal records were available to the DCYF in 1998. They simply never checked. There own regulations require the revocation of a foster license if a felon is a resident in the foster home. After the removal of the children, and the discovery of the horrendous abuse the twins suffered in that home, the DCYF "may" have finally determined Stevens was a convicted felon and that the license should have been revoked.

## CONCLUSION

Based on R.I. Gen. Laws § 14-1-34 requirement that the attorney general provide the DCYF with any criminal record of present and prospective foster parents, and the fact that the DCYF's 1998 Foster Parent Regulations call for the revocation of a foster parent's license if a member of that household is a convicted felon, then evidence of Samuel Stevens out-of-state

felony convictions from 1981 and 1985 should be evidence available to the jury.

Respectfully submitted this 29th day of August, 2008,

J.R., P.P.A. Molly Raymond and B.R., P.P.A.
Molly Raymond and Molly Raymond, Plaintiffs

/s/Thomas L. Mirza
Thomas L. Mirza, Esq. No. 5653
Pelletier & Mirza, LLP
469 Angell Street
Providence, RI 02906
(401) 861-1743
(401) 861-1746
tmirza@pmlawprov.com

**CERTIFICATION**

I hereby certify that I have electronically mailed a true copy of the Plaintiff's Objection to the Defendants' Motion to Exclude The Out of State Record of Samuel Stevens to Genevieve Allaire-Johnson, Esq., Spec. Asst. Attorney General, 150 South Main Street, Providence, RI 02903 at GAllaire@riag.ri.gov on this 29th day of August, 2008.

/s/Thomas L. Mirza