**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J.R., a minor, P.P.A. MOLLY RAYMOND; B.R., a minor P.P.A. MOLLY RAYMOND; and MOLLY RAYMOND | : | |
| VS. | : | C.A. NO.: 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS MOTION IN LIMINE PURSUANT TO RULES 401, 404 (a) and (b).**

Now come the Defendants and Objects to Plaintiffs Motion in Liminie Pursuant to Rules 401, 404 (a) and (b) in the above-captioned matter.

A memorandum in support hereof is attached.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Genevieve M. Allaire Johnson*

GENEVIEVE M. ALLAIRE JOHNSON, No. 5778
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400, Ext. 2298
Fax No.: (401) 222-2995

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 5th day of September, 2008 to the attorney(s) of record listed below:

**Mary Ann Violette, Esquire**
mviolette@abcglawfirm.com

**Thomas L. Mirza, Esquire**
tmirza@pmlawprov.com

**David N. Bazar, Esquire**
dbazar@abcglawfirm.com

/s/ Genevieve M. Allaire Johnson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J.R., a minor, P.P.A. MOLLY RAYMOND; B.R., a minor P.P.A. MOLLY RAYMOND; and MOLLY RAYMOND | : | |
| VS. | : | C.A. NO.: 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS MOTION IN LIMINE PURSUANT TO RULES 401, 404 (a) and (b).**

Plaintiffs move to exclude all testimony from six defense witnesses who have firsthand knowledge of J.R.'s and B.R.'s behaviors prior to their placement in the Sykes foster home. Additionally, Plaintiffs move to exclude evidence of several investigations into the Sykes foster home during the first eleven months that B.R. and J.R. lived in the home. In support of their Motion, Plaintiffs rely upon Federal Rules 401, relevancy, Rule 404(a), character evidence to prove conformity therewith, and Rule 404(b), specific instances of conduct. Neither Rule 401 nor 404 (a) or (b) are applicable to the proposed testimony that Plaintiffs seek to exclude, and therefore, these defense witnesses should not be precluded from the jury's consideration. In addition, the evidence is critical to the

State's defense against Plaintiffs' claims of negligence, and Plaintiffs 1983 claim and their "state created danger" theory. [1]

The witnesses and expected testimony Plaintiffs seek to exclude is not the type of evidence controlled by Rule 404(a) character or trait offered for the purpose of proving action in conformity therewith. The proposed testimony has nothing to do with "character" or "conduct". Furthermore, the evidence will not be offered to establish or challenge truthfulness or untruthfulness.[2] As demonstrated within this memorandum, the evidence relates to the State's defense (and those individually named DCYF employees) against the Plaintiffs' claims.

Plaintiffs have raised factual and legal issues in their complaint, for which they will need to produce evidence at trial, and the State must be allowed to defend against these claims.[3] Plaintiffs seek to exclude from the jury's consideration critical facts relevant to the State's defense, specifically, that B.R. and J.R. witnessed and experienced abuse, neglect, and trauma prior to entering the Sykes foster home. This evidence relates to causation and the States defense that the twins' current emotional and physical problems were caused by abuse and experiences the twins experienced **before** being placed in the Sykes foster home.

Several of the State's witnesses that Plaintiffs seek to exclude will provide testimony relevant to rebut Plaintiffs' expected testimony that B.R. and J.R. were "happy

[1] Plaintiff does not maintain that the First Circuit has actually adopted the "state created danger" theory.
[2] While the twins veracity may be challenged during the trial, it will not be challenged through the witnesses Plaintiffs propose to exclude in their Motion in Limine, but will be appropriately challenged during cross examination.
[3] Paragraph 36 of Plaintiffs' Complaint alleges that as a result of the alleged abuse in the Sykes foster home, J.R. and B.R. suffered physical injury along with severe and permanent emotional and psychological damage. Count 37 alleges that as a result the abuse, B.R. and J.R. have been hospitalized and placed in group homes or treatment facilities for much of the last 10 years. Count 41 alleges that as a direct and proximate cause of the physical and sexual abuse suffered by J.R. and B.R. they will need mental health treatment for the rest of their lives.

sociable toddlers" [4] who were enrolled and performing well in Head Start prior to being placed into the Sykes foster home and to refute evidence that the twins current psychiatric condition relates to alleged abuse in the Sykes Home. The State should be allowed to present evidence that the twins were subjected to abuse and neglect, in many instances by Plaintiff mother, and that **those** factors are causally related to their current condition.

In fact, Dr. Penn, the States Psychiatric expert, will testify as to causation. He is expected to testify to a reasonable degree of medical certainly, that B.R.'s and J.R.'s current emotional and behavioral conditions including but not limited to impulsivity, behavioral dyscontrol, aggression, low frustration tolerance, temper outbursts, variations in mood, affect, insight and judgment predated their placement into to the Sykes foster home. The State must be allowed to introduce evidence of B.R.'s and J.R.'s behavior, the experience of previous foster home placements during which the twins acted out, were unsafe, and needed extremely close supervision as well as how they interacted with others. This evidence will be used to defend against the allegation that the alleged abuse in the Sykes placement caused their current condition.

Plaintiffs also seek to exclude the testimony of Melissa Nathaniel, the social worker assigned to the DCYF Raymond family case file, prior to social worker, Margaret Gloria, who is an individually named Defendant in this action. Melissa Nathaniel will testify regarding her observations of the twins behavior , her removal of the children from their home, the difficulty in placing the twins in foster placements because of their

---

[4] This Statement has been made by Plaintiff Molly Raymond and Plaintiffs' proposed expert, Dr. Ramsey, in her report and in her deposition regarding Ms. Raymond's statement that her twins were happy sociable toddlers. Deposition, Dr. Rebecca Ramsey, Pgs. 155-156. In addition, Plaintiffs pretrial memo states that Ms. Raymond will testify as the children's development prior to their placement in the Sykes foster home and her observations during her visitation with the twins presumably during the time frame they lived in the Sykes foster home of approximately 18 months. Plaintiffs' Pre-trial Memorandum pg. 11.

behavior, her interactions with Plaintiff, Molly Raymond, the twins mother, and her observations and interactions with the family. Ms. Nathaniel will testify that foster parents contacted her requesting that the twins be removed from their homes because of their behaviors. This testimony is critical and relevant evidence to the State's defense in this action. It is relevant to Dr. Penn's expert testimony regarding causation, his opinion regarding Plaintiffs' claims of PTSD, and relevant to defend against Plaintiffs' claims for damages.

Furthermore, this evidence is also relevant to Dr. Penn's expert opinion, to a reasonable degree of medical/psychiatric certainty, that B.R. met the required DSM-IV TR criteria for Reactive Attachment Disorder (RAD) as a result of neglect, exposure to domestic violence, inconsistent or lack of appropriate parenting, physical abuse and other noxious events and stressors that resulted in DCYF involvements and foster home placements prior to being placed in to the Sykes foster home. In addition, this testimony is also relevant to the defense that the twins are not properly diagnosed with PTSD, and therefore is relevant to Plaintiffs' claims for damages.

Plaintiffs further move to exclude testimony of Natalie and Henry Heberman, foster parents of J.R. and B.R., before the twins were placed into the Sykes foster home. This testimony is relevant to causation and the behaviors related to the PTSD diagnosis of the twins and Plaintiff's claims that these behaviors developed **only after** and **because of** alleged abuse in the Sykes foster home.

Plaintiffs further seek to exclude the testimony of DCYF Child Protective Investigators ("CPI") Margaret Renzi, Albert Rondina, Stephen Theriault . Each of these CPI's investigated reports to the CANTS hotline of abuse or neglect while the twins were

in the Sykes foster home. Margaret Renzi investigated allegations in January of 1997 that the twins were not fed, that they were dirty and foster father had struck them on the face with a squirt gun. In March of 1997, Stephen Theriault investigated a CANTS call, from the DCYF transporter, that one of the twins claimed he was hit by a person named "Bobo". In August 1997, Margaret Renzi and Albert Rondina investigated a Cants call regarding scratch marks on B.R. Each of these investigators interviewed persons in the home, the foster parents, the twins and others, and each of these investigations was unfounded. This evidence is absolutely relevant to Plaintiffs' claims that DCYF had no interaction with this foster home and the States defense that all allegations and/or CANTS reports of the Sykes home were carefully reviewed and considered by DCYF. This evidence is certainly relevant as Plaintiffs argue that the only communication DCYF workers had with the foster home regarding the care of the boys was "thinman". Plaintiffs' Amended Complaint ¶ 22[5]. In addition, this evidence is essential to the State's defense against expected testimony that Plaintiff, Molly Raymond, had repeated concerns regarding the Sykes foster home care, that she reported those concerns to DCYF and that DCYF did not seriously consider those allegations. Plaintiff's Complaint, ¶ 46, Deposition, Dr. Rebecca Ramsey, pgs. 93, 134. In fact, some of the above-referenced investigations were in response to complaints made by Plaintiff mother, Molly Raymond. This evidence is therefore relevant to defend against Plaintiffs' action against these Defendants.

[5] Paragraph 42 alleges that DCYF knew or should have known of said abuse. Paragraph 44 alleges that Defendants failure to investigate, then remove the children from the Sykes home was egregious conduct shocking to the conscience. Plaintiffs make the same allegations against Margaret Gloria and Stephanie Terry. Plaintiff uses these same allegations to support their argument on the "deliberate indifference" standard.

**CONCLUSION**

Plaintiff has sued for Negligence alleging DCYF knew or should have known that these children were at risk of harm. Evidence as to what DCYF knew about this home is relevant to the defense in this case. Evidence as to the actions or inactions that DCYF undertook at any time there was an allegation into the Sykes foster home while B.R. and J.R. were living in that home is relevant and necessary to the defense in this case. Evidence as to the behaviors of these boys and how those behaviors relate to their diagnosis, and issues of causation and damages is absolutely relevant and critical to the defense in this case. For these reasons, the State respectfully requests that Plaintiffs' Motion in Limine pursuant to Rules 401, 404(a) and (b) be denied.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Genevieve M. Allaire Johnson*

GENEVIEVE M. ALLAIRE JOHNSON, No. 5778
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400, Ext. 2298
Fax No.: (401) 222-2995

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 5th day of September, 2008 to the attorney(s) of record listed below:

**Mary Ann Violette, Esquire**
mviolette@abcglawfirm.com

**Thomas L. Mirza, Esquire**
tmirza@pmlawprov.com

**David N. Bazar, Esquire**
dbazar@abcglawfirm.com

/s/ Genevieve M. Allaire Johnson