**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J.R., a minor, P.P.A. MOLLY RAYMOND; B.R., a minor P.P.A. MOLLY RAYMOND; and MOLLY RAYMOND | : | |
| VS. | : | C.A. NO.: 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | : | |

**DEFENDANTS OBJECTION TO PLAINTIFFS MOTION IN LIMINE TO LIMIT THE TESTIMONY OF CHRISTINE BARRON, M.D.**

Defendants object to Plaintiffs' Motion in Limine to Limit the testimony of Christine Barron, M.D dated August 19, 2008.

A memorandum in support hereof is attached. Christine E. Barron, M.D.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Genevieve M. Allaire Johnson*

GENEVIEVE M. ALLAIRE JOHNSON, No. 5778
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400, Ext. 2298
Fax No.: (401) 222-2995

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 5th day of September, 2008 to the attorney(s) of record listed below:

**Mary Ann Violette, Esquire**
mviolette@abcglawfirm.com

**Thomas L. Mirza, Esquire**
tmirza@pmlawprov.com

**David N. Bazar, Esquire**
dbazar@abcglawfirm.com

/s/ Genevieve M. Allaire Johnson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J.R., a minor, P.P.A. MOLLY RAYMOND; B.R., a minor P.P.A. MOLLY RAYMOND; and MOLLY RAYMOND | : | |
| VS. | : | C.A. NO.: 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | : | |

**DEFENDANTS MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFFS' MOTION IN LIMINE TO LIMIT THE TESTIMONY OF CHRISTINE BARRON, M.D.**

Dr. Barron's testimony should not be excluded under Federal Rule 702, 703 or 704. Dr. Barron's proposed testimony is proper for the jury's consideration as Dr. Barron is well qualified, published, and experienced in all the areas she is prepared to testify, and she should be allowed to testify regarding the documents she relied upon.

Plaintiffs incorrectly conclude in their Motion in Limine, that the testimony of one of the Defendants' experts, Dr. Christine Barron, should be limited to whether or not Dr. Barron believes the J.R. and B.R. were physically or sexually abused in the Sykes foster home. Ironically, this is the **only** testimony that Dr. Barron absolutely **cannot** render and that the Defense does not propose to elicit, as such testimony would be improperly commenting on the credibility of the victim and within the province of the jury.

The purpose of expert testimony is to render an opinion that will assist the jury yet leave the ultimate issue **entirely** to the jury. *United States v. Corey*, 207 F.3d 84, 89 (1st Cir. 2000 ) (citing *United States v. Gann*, 732 F.2d 714 (9th Cir. 1984)). Moreover, an expert cannot express an opinion whether abuse in fact occurred or comment on the credibility of the victim. *United States v. Sullivan,* 85 F.3d 743(1st Cir. 1996) (holding counsel cannot ask witness to comment on the veracity of the testimony of another witness); *Commonwealth v. Calderon*, 65 Mass.App.Ct. 590, 592 (2006) (expert must not express an opinion whether abuse in fact occurred or comment on the credibility of the victim). Although Dr. Barron may testify regarding general behavioral characteristics of sexually abused children, she cannot refer or compare the child to those general characteristics, as that testimony would impermissibly intrude on the jury's province to assess the credibility of the witness. *US. v. Sullivan* 85 F.3d at 750.

Dr. Baron can inform the jury of characteristics of abused children and describe the characteristics that J.R. or B.R. may or may not exhibit. She can properly summarize the medical evidence and express an opinion that the evidence is consistent or inconsistent with the victim's allegations of sexual abuse. *US v. Eagle*, 515 F.3d 794, 800 (8th 2008). It would be impermissible for Dr. Barron to express an opinion that sexual abuse in fact occurred or to vouch for B.R. or J.R. *Id.*

Further, this Court should not exclude Dr. Barron's testimony regarding B.R. and J.R.'s behaviors and psychiatric illnesses. Dr. Barron should be allowed to testify regarding the psychological and mental health issues as they relate to abuse and neglect because she is well-qualified based upon her experience as a pediatrician specializing in child abuse and neglect. For example, Dr. Barron has daily practical experience regarding the effects of abuse on children.

[1](See Attachment A, C.V., Christine Barron M.D.). In addition, Dr. Barron has researched and published in these areas of development and behaviors related to child abuse and neglect. Dr. Barron Co-Authored with Dr. Jenny chapters in "Behavioral and Developmental Pediatrics: A Handbook for Primary Care, 2nd Edition. Her publications include sections on psychological assessment, behavioral indicators, which address behavior related to sexual abuse. (See Attachment B, Nelson Pediatric Textbook 18th Ed., Elsevier, Philadelphia. P. 853-885, 2007: Behavioral and Developmental Pediatrics: A Handbook for Primary Care, 2nd Ed., Lippincott Williams and Wilkins, Philadelphia. P308-315, 2005; Rape, Pediatric Primary Care 5th Ed. Elk Grove Village, IL: American Academy of Pediatrics: In press).

Moreover, this Court should not exclude Dr. Baron's testimony regarding DCYF protocols and procedures. [2] (See Attachment C, Deposition, Christine Barron MD, April 10, 2008). Dr. Barron has years of experience working with DCYF in both RI and the equivalent agency in Massachusetts, DSS. She has been a Consultant on program development and evaluation for the Boston Medical Center, Child Protection Service in Boston MA. In her daily work specializing in child abuse and neglect in the Child Protection Program at Hasbro Children's Hospital, she is required to know DCYF protocols and procedures as a mandatory reporter of child abuse and neglect. As part of her work at Hasbro, Dr. Barron regularly meets with parents to explain the DCYF protocols and procedures regarding children who have been reported as abused. Dr. Barron interacts with DCYF and DSS in Massachusetts on hundreds of cases each year. Since 2004, Dr. Baron has been the Chairperson for the DCYF Citizens Review

[1] Dr. Barron has testified as an expert in child physical and sexual abuse, neglect and placement ,in Rhode Island and Massachusetts Superior and Family Courts approximately 14 times within the past 4 years.

[2]In fact, during Dr. Baron's deposition, Plaintiffs' counsel asked Dr. Barron numerous questions which she was able to answer regarding DCYF policy, protocols and licensing, Pgs 41-44, DCYF foster- parent training requirements, Pgs. 28, 95, as well as the heightened standard for removal of a child from a biological family's home versus the standard for removal of a child from a foster family Pg. 39. Deposition of Christine Barron, MD, April 10, 2008. (Attachment C).

Panel in Rhode Island. The Panel reviews DCYF cases, identifies issues and problems with systems, and prepares a report identifying those problems and recommending solutions for DCYF implementation. Prior to serving on the Rhode Island panel, Dr. Barron was on the DSS Citizen's Review panel in MA. In 2007, Dr. Barron testified before the Rhode Island Legislature regarding proposed budgetary changes to RIDCYF. Dr. Barron is well versed in DCYF practice, policy, and protocols and therefore, she should be allowed to testify based upon her knowledge and experience working with DCYF.

Further, this Court should not exclude Dr. Barron's testimony regarding items 1, 2, 3, and 5 set forth in Plaintiffs' memorandum. These statements relate to Dr. Barron's review of the records.[3] Dr. Barron will testify regarding her review of the records which revealed that the twins were in many different foster placements, that the twins behavior improved while they were in the Sykes foster home and that the twins were removed from their home on several occasions. Of course, the State must lay the proper foundation that Dr. Barron reviewed the DCYF records. In addition, the State will introduce other testimony and evidence from defense witnesses, which support Dr. Barron's testimony regarding the records. *United States v. Sutherland*, 929 F.2d 765, 779-80 (1st Cir). (expert witness allowed to summarize the testimony presented at trial in calculating income tax owed by a defendant facing tax evasion and drug charges).

[3] Plaintiff challenges the following statements from Dr. Barron's report:
"Because of their severe behavior problems, BR and JR required many different foster placements. Foster families found them difficult and disruptive".
"During the time the boys were in the Sykes home (eighteen months) their behavior improved".
"The twins were removed from her care on several occasions due to child maltreatment".

## CONCLUSION

For the reasons stated herein, the Defendants respectfully request that this Court deny Plaintiffs' Motion to Limit the Testimony of Dr. Christine Barron.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Genevieve M. Allaire Johnson*

GENEVIEVE M. ALLAIRE JOHNSON, No. 5778
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400, Ext. 2298
Fax No.: (401) 222-2995

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 5th day of September, 2008 to the attorney(s) of record listed below:

**Mary Ann Violette, Esquire**
mviolette@abcglawfirm.com

**Thomas L. Mirza, Esquire**
tmirza@pmlawprov.com

**David N. Bazar, Esquire**
dbazar@abcglawfirm.com

/s/ Genevieve M. Allaire Johnson