**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J.R., a minor, P.P.A. MOLLY RAYMOND; B.R., a minor P.P.A. MOLLY RAYMOND; and MOLLY RAYMOND | : | |
| VS. | : | C.A. NO.: 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION IN LIMINE TO DESIGNATE CERTAIN WITNESSES AS HOSTILE PURSUANT TO FEDERAL RULE OF EVIDENCE 611(c)**

Now come the Defendants and Object to Plaintiff's Motion in Limine to designate certain witnesses as hostile pursuant to Federal Rule of Evidence 611(c) in the above-captioned matter. A memorandum in support hereof is attached.

Respectfully submitted,

DEFENDANTS
By their Attorney,

/s/ Suzette I. Pintard
SUZETTE I. PINTARD, No. 7185
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 8th day of September, 2008 to the attorney(s) of record listed below:

**Mary Ann Violette, Esquire**
mviolette@abcglawfirm.com

**Thomas L. Mirza, Esquire**
tmirza@pmlawprov.com

**David N. Bazar, Esquire**
dbazar@abcglawfirm.com

/s/ Suzette I. Pintard

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| J.R., a minor, P.P.A. MOLLY RAYMOND; B.R., a minor P.P.A. MOLLY RAYMOND; and MOLLY RAYMOND | : | |
| VS. | : | C.A. NO.: 08-137S |
| MARGARET GLORIA, Individually and in her Capacity as Social Worker; STEPHANIE TERRY, Individually and in her capacity as Supervisor, STATE OF RHODE ISLAND/ DEPARTMENT OF CHILDREN, YOUTH and FAMILIES; PATRICIA MARTINEZ, in her Capacity as the Director of the RHODE ISLAND DEPT. of CHILDREN, YOUTH and FAMILIES; | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION IN LIMINE TO DESIGNATE CERTAIN WITNESSES AS HOSTILE PURSUANT TO FEDERAL RULE OF EVIDENCE 611(c)**

This Memorandum of Law supports the objection filed by Defendants, Margaret Gloria, individually and in her capacity as social worker, Stephanie Terry, individually and in her capacity as supervisor, State of Rhode Island, Department of Children, Youth and Families and Patricia Martinez, in her capacity as the Director of the Rhode Island Department of Children, Youth and Families ("Defendants"), to Plaintiffs' motion pursuant to Rule 611(c) of the Federal Rules of Evidence to designate certain witnesses as hostile or, in the alternative, identified with the Rhode Island Department of Children, Youth and Families ("DCYF"). For the reasons set forth herein, Defendants respectfully request that the Plaintiffs' motion be denied.

The Plaintiffs' motion to designate certain witnesses as hostile is premature. The Plaintiffs are asking this court to presume, with no evidence to support the presumption,

that the witnesses listed in Plaintiffs' memorandum of law are hostile or identified with DCYF pursuant to Rule 611(c) of the Federal Rules of Evidence. Rule 611(c) requires that the Plaintiffs demonstrate that the listed witnesses are hostile in fact before leading questions should be permitted on the witnesses' direct examination.

Pursuant to Rule 611(a), the permissive use of leading questions is to be controlled by the court. "[T]he use of leading questions '... must be left to the sound discretion of the trial judge who sees the witness and can, therefore, determine in the interest of truth and justice whether the circumstances justify leading questions to be propounded to a witness by the party producing him.' " United States v. Brown, 603 F.2d 1022, 1025 (1st Cir.1979). Rule 611(c) delineates the appropriate use of leading questions in the interrogation of witnesses. The final sentence of Rule 611(c) allows for the use of leading questions with a hostile witness, an adverse party or a witness identified with an adverse party. Rule 611(c) states in pertinent part, "[l]eading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony." Fed.R.Evid. 611(c).

The advisory committee's note explains, "[t]he final sentence of subsection (c) was amended by the House for the purpose of clarifying the fact that a 'hostile witness' – that is a witness who is hostile in fact – could be subject to interrogation by leading questions… Further, the first paragraph of the Advisory Committee note explaining the subsection makes clear that they intended that leading questions could be asked of a hostile witness or a witness who was unwilling or biased and even though that witness was not associated with an adverse party." The advisory committee accepted the House amendment after concluding that, "it was not intended to affect the meaning of the first

sentence of the subsection and was intended solely to clarify the fact that leading questions are permissible in the interrogation of a witness, who is hostile in fact." Fed.R. Evid. 611 (c), Advisory Committee's Note (1974).

The Plaintiffs argue that the thirteen witnesses listed in their memorandum of law are all employees of DCYF, were involved in the plaintiffs' case, and should, therefore, be subject to leading questions without the prerequisite of establishing hostility. The Defendants urge the court not to follow the Plaintiffs' proposed blanket approach. For many reasons (e.g. retirement), the witnesses listed by the Plaintiffs cannot be assumed to be hostile. Rather, the Plaintiffs should be required to establish to the court's satisfaction that each witness is in fact antagonistic prior to permitting the use of leading questions.

The United States Court of Appeals for the First Circuit stated in Rodriguez v. Banco Cent. Corp., 990 F.2d 7, 12 (1993), "[a] "hostile" witness, in the jargon of evidence law, is not an adverse party but a witness who shows himself or herself so adverse to answering questions, whatever the source of the antagonism, that leading questions may be used to press the questions home. *See* United States v. Brown, 603 F.2d 1022, 1025-26 (1st Cir.1979). After noting that a hostile witness is one who "has a built-in incentive to slide away from the question or slant the answer," the court stated, "[b]ut Rule 611(c) is arguably subject to the overriding command of Rule 611(a) that the court "shall exercise reasonable control over the mode ... of interrogating witnesses" to elicit truth, avoid delay and protect against harassment. Fed.R.Evid. 611(a)." Rodriguez v. Banco Cent. Corp., 990 F.2d 7, 13 (1993).

## CONCLUSION

For the reasons stated herein, the Defendants respectfully request that this Court deny Plaintiffs' Motion in Limine to designate certain witnesses as hostile pursuant to Federal Rule of Evidence 611(c).

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Suzette I. Pintard
SUZETTE I. PINTARD, No. 7185
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the within via the ECF System and that I caused a copy to be sent electronically on this 8th day of September, 2008 to the attorney(s) of record listed below:

**Mary Ann Violette, Esquire**
mviolette@abcglawfirm.com

**Thomas L. Mirza, Esquire**
tmirza@pmlawprov.com

**David N. Bazar, Esquire**
dbazar@abcglawfirm.com

/s/ Suzette I. Pintard